HOT SPRINGS CIVIL SERVICE COMMISSION *v.* MILES.

5-3363                                     385 S. W. 2d 930

Opinion delivered January 25, 1965

*Curtis L. Ridgeway* and *Nathan L. Schoenfeld,* for appellant.

*Earl J. Mazander,* for appellee.

CARLETON HARRIS, Chief Justice. Wayne Miles, appellee herein, a patrolman on the police force of Hot Springs, was accused of conduct unbecoming an officer, the alleged misconduct occurring about 9:00 A.M. on November 10, 1962, at a cafe in Hot Springs. Miles, who was not on duty at the time, was accused of drunkenness and other alleged improper conduct. An investigation was conducted by one of the police officers, and a written report was given to the Chief of Police. The chief discharged appellee, and an appeal from this ruling was taken to the Hot Springs Civil Service Commission. On December 4, 1962, a full scale hearing was held before that body, appellee being present with his attorneys, and the City Attorney of Hot Springs being present in his official capacity. Appellee did not testify, nor offer any other testimony, though it was conceded that he was intoxicated at the time of the alleged misdeeds. The commission upheld the discharge, and on January 3, 1963,

appellee filed notice of appeal with the commission. No transcript of the proceedings before the commission was filed with the Circuit Court until January 23, 1964, and in the meantime, the following events occurred.

On November 5, 1963, Miles filed with the Civil Service Commission a "pleading" headed "A Petition for Reinstatement." On November 21, 1963, the commission met,[1] with its secretary, and the legal adviser to the commission, the City Attorney of Hot Springs, and on the next day, issued a written order denying the petition. The appellee then filed a notice of appeal with the commission from this order, though the date of such notice is not clear from the record.

Thereafter, on January 23, 1964, as heretofore stated, the transcript of the December, 1962, hearing before the commission was filed in the Circuit Court.

On February 25, 1964, Miles filed an original petition with the Garland County Circuit Court, setting out that the Civil Service Commission had failed to file the transcript of the December, 1962, hearing, conducted by it, until approximately thirteen months had expired after the giving of the notice of appeal. It was asserted in the petition that the Circuit Court should disregard all portions of the transcript or record of that hearing because it was not timely filed.

Appellee then set forth that he had sought reinstatement on November 21, 1963, but that reinstatement had been denied, though neither he nor his attorney was notified to appear. Miles then prayed that he be reinstated as a patrolman on the Police Department of the City of Hot Springs, "and this court should disregard all papers filed by the Civil Service Commission of the City of Hot Springs, Arkansas, in this proceeding and an Order should be entered directing the Chief of Police of the City of Hot Springs, Arkansas, to reinstate this petitioner." On March 2, 1964, acting upon the petition filed in the Circuit Court, that court entered its finding as follows:

---

[1] This was a luncheon meeting at a restaurant. No witnesses for either appellee or the city were called or present.

"That on December 4, 1962, said respondent made and entered an Order dismissing Petitioner from the Hot Springs Police Department:

"That said Petitioner filed with said respondent Notice of Appeal within the time provided for by law;

"That said respondent failed to file a transcript, or any documents, of said proceedings in this Court until January 23, 1964, more than one year later;

"That by their failure to file the above mentioned they totally failed to comply with Section 19-1605.1 [hereafter discussed]   *   *   *

"That the failure of respondent to comply with the above Statute within the time provided for by law prevents this Court from taking jurisdiction of the transcript filed herein, and the Court cannot consider same for any purpose;

"That on the 21st day of November, 1963, this Petitioner again petitioned the Civil Service Commission for a hearing and an Order was entered on the 21st day of November, 1963, denying reinstatement of this Petitioner, and the minutes of the meeting were filed showing that your Petitioner, Wayne Miles, or his attorney, were not notified to appear at said hearing;   *   *   *"

The order then directed the Chief of Police and the Civil Service Commission to reinstate Miles to his position as Patrolman, with full pay from November 21, 1963, to date. From the order so entered, the Hot Springs Civil Service Commission brings this appeal. Appellee cross-appeals from that portion of the order directing reinstatement as of November 21, 1963, contending that the reinstatement should have been ordered as of December 5, 1962.

The principal issue argued in the briefs relates to the responsibility of filing the transcript. Appellee vigorously argues that the duty rests with the commission, and bases this argument upon the provisions of Ark.

Stats. Ann. § 19-1605.1 (Supp. 1963). The pertinent portions of that section read as follows:

"A right of appeal by the City or employee is hereby given from any decision of the Commission to the Circuit Court within whose jurisdiction the Commission is situated. Such appeal shall be taken by filing with the Commission, within thirty (30) days from the date of such decision, a notice of appeal, whereupon the Commission shall send to the Circuit Court all pertinent documents and papers, together with a complete transcript of all evidence and testimony adduced before the said Commission and all findings and orders of the Commission. The Circuit Court shall review the Commission's decision on the record and may in addition hear testimony or allow the introduction of any further evidence upon the request of either the City or the employee, provided such testimony or evidence be competent and otherwise admissible."

Of course, it is obvious from reading the statute that the initial obligation to file the transcript rests with the commission, but it does not necessarily follow that the commission's failure to perform this act has the ultimate effect of reinstating an employee to his original job—simply because there was a failure to perform a ministerial act. One does not need undue powers of perception to recognize that the holding sought by appellee could result in a deterioration of the efficiency of an affected department (here—the Police Department), as well as a loss of confidence by the general public in such department.

A similar argument has, on several occasions, been made to this court relative to Ark. Stats. Ann. § 26-1307 (Repl. 1962). That section provides:

"If a party appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment the clerk of the court or the justice of the peace of the court from which the appeal is taken must file the transcript of the judgment in the office of the circuit

court clerk within thirty (30) days after the rendition of the judgment.''

This section was passed in 1953 as an amendment to the original act, which was passed in 1939.[2] Prior to passage of the 1953 amendment, this court had consistently held that the burden of filing the transcript with the Circuit Court rested upon the appellant. In *Whitely* v. *Pickens,* 225 Ark. Ark. 845, 286 S. W. 2d 4, decided in 1956, the 1953 amendment, heretofore quoted, was called to the court's attention, it being contended that the burden of filing a transcript, after an appeal had been taken, had been definitely placed on the clerk of the court. We did not agree with that contention, stating:

''As we construe Act 203 of 1953, it just simply amended Section 1 of Act 323 of 1939 [§ 26-1307 Ark. Stats. 1947] so as to place the responsibility of filing the transcript, within the 30 day peirod, upon the clerk of the Municipal Court rather than upon 'the party who appeals' but left the burden on appellant to see that the transcript was so filed within that period. The Act also omits and repeals that provision, or the last sentence, in Section 1 of Act 323 which says: 'If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, execution can be issued against the signers of the appeal bond.' This Act 203, however, leaves in full force and effect, and does not repeal, the second subdivision of § 26-1302 Ark. Stats. 1947, which provides: 'The appeal must be taken within thirty (30) days after the judgment was rendered, and not thereafter.'

''We hold that the burden was on appellant to see that the transcript was lodged with the Circuit Court within the 30 day period and that Act 203 of 1953, which

---

[2] The 1939 act read as follow: "A party who appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment must file the transcript of the judgment in the office of the circuit court clerk within 30 days after the rendition of the judgment. If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, execution can be issued against the signers of the appeal bond."

was an amendment to Act 323 of 1939, does not change the law in this respect.''

We are of the opinion that appeals from the Civil Service Commission are governed likewise, and though the transcript is due to be lodged by the Commission, the burden is on the appellant to see that this is done. Let it be remembered that Miles was not helpless to perfect his appeal simply because the commission had not filed it. He, very properly, could have timely applied to the Circuit Court for a writ of certiorari and that court could have ordered the record prepared and filed; there was also available to appellant the remedy of mandamus. Placing the burden on the appellant to see that a transcript is filed seems entirely logical. After all, an appellant is the aggrieved party, and the principal person (or body) interested in, and benefited by, a reversal of an adverse ruling. Because of this paramount interest, an appellant should be responsible for all steps in a proceeding that might inure to his (or its) benefit.

As to the appeal from the second order of the commission (refusing to reinstate Miles), we find no statutory authority for petitions for ''reinstatement,'' i.e., such procedure cannot be utilized as a substitute for an appeal from the original order. The same is true of an original petition filed in the Circuit Court seeking the same relief. Of course, if one can file an original petition with the Circuit Court after receiving an adverse ruling before the Civil Service Commission, there is no need for any statutory provision for appeal; in fact, there would be no occasion to even conduct a hearing before the Civil Service Commission, for the findings of that body would not be before the court and would accordingly be meaningless and without effect.

Appellee's sole remedy from the ruling of the commission was through appeal, as set forth in the statute, heretofore quoted, and the petition for reinstatement, as well as the petition filed in the Circuit Court, was of no effect, and any orders based on those petitions were likewise ineffective. Having failed to properly proceed with

his appeal from the order of December 4, 1962, appellee cannot obtain relief.

The Judgment of the Circuit Court is reversed with directions to overrule and set aside its order of reinstatement. This will, of course, leave the Civil Service Commission order of December 4, 1962, in full force and effect.

It is so ordered.