CHARLOTTE BROWN ET AL *v.* W. F. CURTIS,
CIRCUIT CLERK OF LEE COUNTY, ARKANSAS

5-6233                                    492 S.W. 2d 235

Opinion delivered April 2, 1973

*A. T. Goodloe* and *Walker, Kaplan & Mays, PA.*, for appellants.

*Jim Guy Tucker*, Atty. Gen., by: *Ralph C. Hamner Jr.*, for appellee.

JOHN A. FOGLEMAN, Justice. On or before May 23, 1972, appellants were convicted in the Municipal Court of Marianna of misdemeanors alleged to have been com-

mitted at the same time and place.[1] On July 21, 1972, appellants filed a petition for mandamus to W. F. Curtis, Clerk of the Circuit Court of Lee County, to require him to accept notices of appeal without the prepayment of a filing fee of $15 each and without the posting of an appeal bond. They alleged that they were being denied the right of appeal from their convictions for no reason other than their poverty. No formal response was filed by appellee who was appropriately represented at the hearing by the prosecuting attorney for the judicial district.

When the petition was presented to the circuit court for hearing, appellants made a series of oral motions as follows: (1) That the clerk file the notices of appeal without the payment of any fee; (2) that affidavits in forma pauperis be accepted by the court and petitioners declared indigents; (3) that the court declare that the duty of the clerk was to be exercised in an equal manner; and (4) that a "paper" appeal bond be allowed and the judgments superseded. The prosecuting attorney responded that no notice of appeal by any of the appellants had been filed within 30 days, that no transcript of the record in the municipal court in any of the cases had been filed, even though the burden of doing so lay upon the respective parties appealing, that there was no evidence of the clerk's arbitrary refusal to act, or of any proper request to him for action in the premises. The circuit judge specifically asked appellants' counsel if he had any witnesses and received a negative response. After considerable discussion among the judge and the respective attorneys, the court denied the petition for the writ because it had not been filed within the time allowed for appeal. This time was 30 days after the judgment was rendered. Ark. Stat. Ann. §§ 26-1302, 26-1307 (Repl. 1962). See *Craig* v. *State*, 235 Ark. 563, 361 S.W. 2d 16; *Sheridan* v. *State*, 239 Ark. 322, 389 S.W. 2d 232.

Appellants present the following points for reversal:

---

[1] It appears that 12 of the appellants were convicted on April 29, 12 on May 6, 10 on May 20, and 14 on May 23, all in 1972. The role of Nilia Jo Robinson as an appellant is not explained by the record, since it does not disclose her conviction of any offense at any time.

I. Defendants made continuous efforts from the date of the judgment, May 23, 1972, to file the appeal but were unable to perfect the appeal unless a filing fee was prepaid. Defendants upon learning that the appeal had not been perfected filed a Writ of Mandamus within a reasonable time requesting the Circuit Court to direct the Clerk to file the Notices of Appeal.

II. The prepayment of a filing fee in a criminal misdemeanor appeal is a form of invidious economic discrimination violative of the Due Process and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

III. Placing a companion "burden" of lodging an appeal on the defendants when the defendants have given notice and timely requested the appeal, is violative of fundamental Due Process and the right of unhampered access to the Courts protected by the Fifth and Fourteenth Amendments to the United States Constitution.

IV. If a person cannot post an appeal bond, he must then serve the jail sentence and/or pay the fine imposed. Inability to post an appeal bond should not render an appeal impossible. Actually most criminal appeals take place without the posting of an appeal bond.

While these points might present interesting and pertinent questions if they were presented by the record before us, we do not reach any of them, however, because they were not presented to the trial court at a time or in a manner justifying resort to the extraordinary writ of mandamus, which is issued only when the right of the petitioner to the relief sought is clearly established. *Arkansas State Highway Commission* v. *Otis and Company*, 182 Ark. 242, 31 S.W. 2d 427. The purpose of the proceeding is not to establish a legal right, but to enforce one already established. *Carter* v. *Marks*, 140 Ark. 331, 215 S.W. 732.

In *Hoelzeman* v. *State*, 241 Ark. 213, 406 S.W. 2d 883, we traced the oscillation of the legal responsibility

for the filing of a transcript by a justice of the peace or municipal court between the appellant and the court, as fixed from time to time by statute. We agree with appellants that we there concluded that, under Ark. Stat. Ann. § 26-1307, it was the duty of the court to file the transcript, but when it is clear that it will not do so, the party appealing must assume the burden of taking prudent and diligent measures to protect his right of appeal, eliminating burdens of a character completely beyond his control. Generally, these steps, in the form of a motion for a rule on the clerk, or a writ of mandamus, to file the transcript must be taken within 30 days after the rendition of the judgment from which the appeal is sought. *Everett* v. *Coleman*, 211 Ark. 515, 201 S.W. 2d 30. Filing within that period is excused only when, as indiciated in *Hoelzeman* v. *State*, supra, the taking of these measures is prevented by matters completely beyond the control of the appellant. In *Hoelzeman*, the appellant had diligently and persistently importuned the court to file the transcript and had been repeatedly and unequivocally assured that it would be timely filed. We there emphasized that appellant's inability to timely file a petition for mandamus was due to the unkept promises made to him.

In this case the burden was upon appellants, even in the absence of an answer by appellee to their petition, to make a proper showing that they were entitled to the relief sought. Ark. Stat. Ann. § 33-107 (Repl. 1962); *Mobley* v. *Scott*, 236 Ark. 163, 365 S.W. 2d 122. No showing was made at all. From the record before us we find no evidence of the following critical facts:

(1) Any request to the municipal court for the preparation or filing of a transcript;

(2) any refusal on the part of the municipal court to prepare or file a transcript after request was made;

(3) the filing of any "notice of appeal" or affidavit for appeal in the municipal court;

(4) any refusal by the clerk of the circuit court to accept and file any properly tendered "notice of appeal,"

affidavit for appeal or transcript from the municipal court;

(5) any tender by appellants of any "notice of appeal," affidavit for appeal or transcript of proceedings in the municipal court to the clerk of the circuit court;

(6) and indigency on the part of any of the appellants;

(7) any request, prior to filing the petition for mandamus, to any court to permit an appeal without the payment of a filing fee or to supersede the judgment of the municipal court without the filing of an appeal bond.

For the reasons stated, we affirm the judgment denying mandamus.

BYRD, J., dissents.