ELGIN WHEELER ET AL *v.* CITY OF ARKADELPHIA

CR 73-17                                              495 S.W. 2d 862

Opinion delivered May 21, 1973

*A. T. Goodloe* and *Walker, Kaplan & Mays, P.A.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Charles A. Banks,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellants were convicted of various misdemeanors in a municipal court. These misdemeanors consisted of assaults and batteries and disturbances of the peace. The circuit court held the appellants had not perfected their appeals and dismissed them. For reversal the appellants contend "[A]ppellants made effort to perfect their appeals and substantially complied with Ark. Stat. Ann. § 26-1301, 1302, 1306 and 1307." We think the circuit court was correct.

It appears from the record before us that appellants only compliance with the procedural requirements for appeal was filing a notice of appeal within 30 days from the rendition of the municipal court judgment. The notice of appeal was filed in the circuit court along with payment of the filing costs. The municipal court clerk testified that she "picked up" a photostatic copy of the notice of appeal from the circuit clerk's office. However, she never received any payment of the clerk's fee for preparation of the municipal court's proceedings, nor a request that the transcript be filed with the circuit court. According to the municipal judge, he received a copy of the notice of appeal which was filed with the circuit clerk. However, he never received a request for a transcript and, further, the appellants' never posted an appeal bond. It appears undisputed that the appellants filed no appeal bonds with the municipal court and never made a request to the municipal court or the clerk for a transcript.

It is well established that the burden is upon the appellants to make certain that the municipal court transcript is filed with the circuit clerk within the 30 day limitation in the event the transcript is not filed by the

municipal court clerk as required by § 26-1307. *Whitely v. Pickens,* 225 Ark. 845, 286 S.W. 2d 4 (1956), *Hot Springs Civil Service Comm. v. Miles,* 238 Ark. 956, 385 S.W. 2d 930 (1965), *Sheridan v. State,* 239 Ark. 322, 289 S.W. 2d 232 (1965). Further, § 26-1307 applies to misdemeanors and civil cases alike. *Massina v. State,* 211 Ark. 1060, 204 S.W. 2d 547 (1947). Compliance with this section is mandatory and jurisdictional. *Whitely v. Pickens, supra.* When it is clear that the court will not file the transcript, "the party appealing must assume the burden of taking prudent and diligent measures to protect his right of appeal, eliminating burdens of a character completely beyond his control." *Brown v. Curtis, Clerk,* 254 Ark. 162, 492 S.W. 2d 235 (1973). There we further stated "[F]iling within that period is excused only when **** the taking of these measures is prevented by matters completely beyond the control of the appellant." In the case at bar we find no merit in appellants' assertion of substantial compliance with the required procedure to perfect their appeals. Certainly it is not demonstrated that the failure to file the transcript was due to conditions beyond their control.

Appellants next assert for reversal that "[P]lacing a companion (burden) of lodging an appeal on the appellants when the appellants have given notice and requested the appeal is violative of fundamental due process and the right of unhampered access to the courts protected by the fifth and fourteenth amendments to the United States Constitution." As we understand the record as abstracted this issue was not presented to the court and is not properly before us as we held in *Brown v. Curtis, Clerk, supra.* Furthermore, appellants base their argument as to the asserted violation of their constitutional rights upon indigency. There is no showing whatsoever that the appellants are indigents. Again the legal responsibility for perfecting an appeal in this state has long been fixed by our statute and upheld by this court in our many previous decisions. In the case at bar, as indicated, there is a non-compliance by the appellants with out prescribed procedures.

Appellants, also, assert that "[I]f a person cannot

post an appeal bond, he must then serve the jail sentence and/or pay the fine imposed. Inability to post an appeal bond should not render an appeal impossible." Even if this contention was properly before us, we cannot agree inasmuch as the appellants have not demonstrated financial inability to pay the appeal bond which they never requested.

Affirmed.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. Among the members of the human race there is a little good in the worst of us and a little bad in the best of us. Our Constitutions, both state and federal, in recognition of this human trait have guaranteed to every person charged with a crime the right to a jury trial. In our system of municipal courts no provision is made for a jury trial. We have held that the refusal to a trial by jury in the municipal court does not violate the constitutional guarantee of a jury trial because those wishing a jury trial can obtain one by appeal to the circuit court. It appears to me that the procedure required by the majority for one to obtain a trial by jurors, who have not forgotten the frailties of human nature, is overly complicated for the person in court for the first time and that through the requirement of the bond an undue and impermissible burden is cast upon one seeking a jury trial. By Ark. Stat. Ann. § 43-732 (Repl. 1964), judges are given considerable control over professional bail bondsmen and in my experience as a practicing lawyer I usually found that the cost of an appeal bond approximated the amount of the municipal court fine.

It is true that if one can convince the municipal judge of his indigence he can take an appeal without a surety on his bond but the burden of proving his indigence is upon the accused. The result is that the accused in a municipal court is denied the right to a jury trial unless he pays the cost of the bond or takes the physical and mental effort to prove his indigence. In either situation the state

is not granting him a right to a jury trial but forcing a burden upon him to obtain one.

For the reasons stated, I respectfully dissent.