Vester Mae ELLIS *v.* STATE of Arkansas

637 S.W.2d 588

Supreme Court of Arkansas
Opinion delivered July 12, 1982

*James E. Smedley,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

PER CURIAM. The appellant has filed a second motion for belated appeal after we rejected his first motion. In an attached affidavit, attorney James E. Smedley concedes that it was his mistake in not timely filing the appeal. Therefore, pursuant to the Rules of Criminal Procedure and *Nelson* v.

*State,* 272 Ark. 287, 613 S.W.2d 598 (1981), the belated appeal is granted.

Rules of Criminal Procedure, Rule 36.26, reads:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

The method for taking the appeal is set out in Rule 36.9.

We rendered an opinion on this subject in the case of *Finnie* v. *State,* 265 Ark. 941, 582 S.W.2d 19 (1979). In *Finnie* we stated:

> Even though the trial court was without authority to grant the appeal, this Court had such authority. No request has previously been made to this Court for belated appeal. We held in *Goodwin* v. *State,* 261 Ark. 926, 552 S.W.2d 233 (1977), that filing of notice of appeal within the time prescribed by Rule 36.9 is not jurisdictional as to this Court.

We went on to explain that if counsel intended to withdraw from the case he must comply with Supreme Court Rule 11 (h). We also pointed out that an attorney, in obtaining permission to withdraw from a case, should include a statement of the reasons therefor in his motion. A copy of the motion should be sent to the defendant and if the motion to withdraw is granted a copy of the order should be furnished to the defendant.

In view of the fact that the present attorney did not follow the procedure prescribed for withdrawal, we must still consider him the attorney of record and hold him responsible for the duties imposed upon him by the rules, statutes and opinion of this court as recited above. The belated appeal will be granted and a copy of this opinion forwarded to the Committee on Professional Conduct.