James GRAY *v.* STATE of Arkansas

CR 82-84                                          642 S.W.2d 306

Supreme Court of Arkansas
Opinion delivered November 22, 1982

William R. Simpson, Jr., Public Defender, and *Howard W. Koopman*, Deputy Public Defender, by: *Carolyn P. Baker*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was tried on May 11, 1980 on charges of rape, aggravated robbery and attempted capital murder. The jury convicted him of rape and acquitted him of aggravated robbery. It was unable to reach a verdict on attempted capital murder and that charge was nol-prossed.

Almost one year later, on May 5, 1981, appellant filed a pro se motion for a transcript of the trial in order that he might perfect an appeal. The public defender was appointed and moved orally that the petition be treated as a petition for post conviction relief under A.R.Cr.P. Rule 37. However, there seems to have been a misunderstanding as to whether it became a motion under Rule 36 for a belated appeal, or a Rule 37 petition based on allegations of ineffective assistance of counsel during the trial. As a consequence, the record presents a confusion of substantive and procedural issues.

Appellant's proof was directed at both points, but we can disregard the Rule 37 claim of ineffective assistance of counsel at trial, as the evidence was wholly lacking. The trial court denied the Rule 37 petition and no argument on that score is now raised. However, appellant also claimed he told his trial attorney that he wanted to appeal and wrote him several times to that effect. Testimony by appellant's attorney and appellant's wife, who acted as a go-between, suggested that appellant was undecided as to whether to appeal, not wanting to risk a second trial on two charges carrying life sentences in view of the single twenty-five year sentence he received.

On the issue of whether appellant was deprived of effective assistance of counsel in perfecting an appeal, the trial judge noted that he had no authority to grant a belated appeal and declined to reach that issue. It is from that ruling that appellant appeals.

The trial judge's comment that the trial courts are without authority to grant belated appeals is entirely consistent with what we have said in several opinions — that motions for belated appeal should be filed in the Supreme

Court. *Ellis* v. *State,* 276 Ark. 560, 637 S.W.2d 588 (1982); *Hamman* v. *State,* 270 Ark. 307, 605 S.W.2d 6 (1980); and *Finnie* v. *State,* 265 Ark. 941, 582 S.W.2d 19 (1979). However, there is some confusion as to whether this court or the trial court is the proper tribunal. Appellant cites *Osbourne* v. *State,* 276 Ark. 479, 637 S.W.2d 535 (1982) and the wording of Rule 36.9 in support of his contention that the trial court is the proper place to file his motion for belated appeal. In *Osbourne* v. *State* we affirmed an order of the trial court granting a motion for a belated appeal which was filed initially in the trial court. The procedural issue was not discussed in *Osbourne,* we simply affirmed the trial court's order without commenting on whether the motion was improperly filed.

Appellant also cites Rule 36.9, as amended December 18, 1978, as applying concurrent jurisdiction:

> However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made, *either to the Supreme Court or the trial court,* within eighteen months of the date of commitment. (our italics)

But the purpose of the amendment was not to change the procedure so as to permit motions for belated appeal to be filed in either court, but merely to set a time limit for the filing of such motions, irrespective of where they originated.

In spite of the inference created in *Osbourne* v. *State,* the fact remains that under our law motions for belated appeal are filed, not in the trial court under Rule 37, but in this court under Rule 36.9, which reads in part:

> The *Supreme Court* may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit. (our italics)

We have said as much in two opinions since *Osbourne* and we adhere to that view. *Ellis* v. *State, supra,* and *Hammon* v. *State, supra.*

Since the trial court was clearly correct in its conclusion that only the Supreme Court has authority to grant a belated appeal, we must affirm its decision. The affirmance is without prejudice, however, to appellant's filing a motion for belated appeal in this Court, in which case we will likely remand to the trial court for an evidentiary hearing on the disputed issues of fact. See *Schuster* v. *State*, 261 Ark. 730, 551 S.W.2d 210 (1977).

Affirmed.