William MUNN, Jr. *v.* STATE of Arkansas

644 S.W.2d 945

Supreme Court of Arkansas
Opinion delivered January 31, 1983

*Pro se* Motion for Belated Appeal; motion denied.

Petitioner, *pro se.*

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for respondent.

PER CURIAM. In May, 1982, petitioner William Munn, Jr. was convicted in the Circuit Court of Howard County of second degree murder. He was sentenced to twenty years imprisonment in the Arkansas Department of Correction. He has now filed a pro se motion seeking permission to file a belated appeal of his conviction. In his motion he concedes that although he was aware of his right to appeal, he failed to inform his attorney of his desire to appeal until after the time for filing a notice of appeal had passed. He attributes his delay to ignorance of the law and to the fact that he was transferred to prison and isolated for a period of time. In an affidavit filed in response to petitioner's motion, the attorney states that after trial he discussed with petitioner whether an appeal would be taken and petitioner said he did not want to appeal. He was not notified that petitioner had changed his mind until approximately two weeks after the time for filing the notice of appeal had expired.

Criminal Procedure Rule 36.9 provides that a belated appeal may be granted for good cause even if no notice of appeal was filed. We have consistently held that the failure of counsel to perfect an appeal in a criminal case where the defendant desires an appeal amounts to a denial of the defendant's right to effective assistance of counsel. *Gray* v. *State,* 277 Ark. 442, 642 S.W.2d 306 (1982). We recognize, however, that a convicted defendant may waive his right to appeal, *Gray, supra,* and in petitioner's case we find that he did so.

Petitioner states that after trial he was undecided about whether to appeal. He admits that by the time he wrote his attorney, it was too late to file a notice of appeal. Counsel's affidavit indicates that he would have acted promptly if instructed to do so. Petitioner has provided no good cause for his failure to contact the attorney within the time set for filing a notice of appeal.

Motion denied.