Howard SHARP *v.* STATE of Arkansas

650 S.W.2d 565

Supreme Court of Arkansas
Opinion delivered May 16, 1983

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

PER CURIAM. Appellant Howard Sharp was convicted of second degree murder on June 26, 1981 and sentenced to 20 years imprisonment. Judgment was entered on July 9, 1981, and a timely notice of appeal was filed.

Appellant was released on bond pending appeal but eventually committed to prison some eight months later when nothing more was done about the appeal. He has now filed a pro se motion for belated appeal, alleging that his retained counsel Jeptha Evans was ineffective in not pursuing the appeal.

Arkansas Rules of Criminal Procedure 36.9 provides that no motion for belated appeal shall be entertained unless application for belated appeal has been made within 18 months of the date of commitment. Although appellant was convicted in July, 1981, the commitment in his case was not entered until March 19, 1982, thus appellant's motion for belated appeal is timely. It does not, however, show good cause for appellant's failure to communicate with counsel and must, for that reason, be denied.

After the notice of appeal was filed, appellant moved to Louisiana and then Texas. According to Mr. Evans' affidavit, he wrote to appellant on December 7, 1981, asking appellant to forward the money to have the transcript

prepared. He informed appellant that he had obtained an order extending the time for lodging the record on appeal to February 5, 1982. He also enclosed an affidavit of indigency for appellant to complete if he could not afford the cost of the transcript. Appellant did not return the affidavit or otherwise respond. Mr. Evans also wrote several other letters to appellant and left messages by telephone with appellant's sister-in-law and mother in attempts to contact him. Evans contends that on October 30, 1982, nearly nine months after the time for filing the record on appeal had elapsed, he received a letter from appellant. Appellant said that he had not received the affidavit because he "withdrew from everything" and left for Texas. He said he did not return until February, 1982. Evans states that he did not seek to be relieved as counsel because he intended to proceed with the appeal until it became evident that appellant could not be located by letter or telephone.

Appellant offers no explanation in his motion for his failure to contact his attorney while he was in Louisiana and Texas. He specifically states that he was aware of his right to appeal, but attributes his failure to communicate with Mr. Evans to Evans' inability to reach him by telephone or mail. It is apparent that appellant felt no obligation to contact Evans until he was committed to prison in March, 1982.

We have consistently held that the failure of counsel to perfect an appeal in a criminal case where the defendant desires an appeal amounts to a denial of the defendant's right to effective assistance of counsel. *Gray* v. *State*, 277 Ark. 442, 642 S.W.2d 306 (1982). We recognize, however, that a convicted defendant may waive his right to appeal, *Gray, supra,* and in appellant's case we find that he did so. See *Munn* v. *State*, 278 Ark. 283, 644 S.W.2d 945 (1982).

Counsel made several attempts to contact appellant to inform him of his right to have the record prepared at public expense. Appellant, however, left the State and did not respond to Evans' telephone calls or letters. There is no doubt that appellant expressed a desire to pursue an appeal once he was imprisoned, but this does not excuse his total failure to act before the time for lodging the record on appeal

had expired. See *Munn, supra; Houston* v. *State,* 263 Ark. 607, 566 S.W.2d 403 (1978).

Motion denied.