Issac WESSON *v.* STATE of Arkansas

655 S.W.2d 401

Supreme Court of Arkansas
Opinion delivered July 5, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Kelly Carithers,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Dep. Atty. Gen., for appellee.

PER CURIAM. On January 17, 1983, we denied appellant Issac Wesson's *pro se* motion for belated appeal because certain questions of fact could not be resolved from the motion and trial counsel's affidavit in response to it. First, it could not be determined whether appellant was informed of his right to appeal; and, secondly, if he were so informed, whether he waived that right by failure to communicate to counsel his desire to appeal. The denial was without prejudice to his applying to the trial court for an evidentiary hearing on the two questions. We said that if the trial court's ruling was favorable to him, appellant would be permitted to file a second motion for belated appeal in this court with the trial court's findings and conclusions and the record of the hearing as support for the motion. The evidentiary

hearing was held on April 18, 1983. The trial court's ruling was favorable, hence, appellant's second motion for belated appeal is now before us.

The trial court concluded that appellant had been told in accordance with A.R.Cr.P. Rule 36.4 that he had the right to appeal and that he had made known to counsel his desire to appeal. We agree with those findings. Appellant testified that after he was informed of his appeal right, he requested that retained counsel Lynn Davis perfect an appeal. Mr. Davis testified that he recalled an appeal bond being set but could not recall appellant's specifically saying that he wished to appeal. He testified that if appellant had asked him to appeal, he would probably have told him to get another attorney.

When an attorney represents a defendant at trial, he is obligated to continue to represent him on appeal if the defendant makes known his desire to appeal, unless the attorney is permitted by the trial court or this court to withdraw. A.R.Cr.P. Rule 36.26; *Ellis* v. *State,* 276 Ark. 560, 637 S.W.2d 588 (1982). The record of the hearing reflects that an appeal bond was set, from which it may be inferred that appellant knew he could appeal and desired to do so. Counsel's claim that he could not recall appellant's asking him to appeal does not excuse him from pursuing the appeal.

Appellant has furnished this court with an affidavit attesting to his indigency. As an indigent, he is entitled to have the record on appeal prepared at public expense. A writ of certiorari is issued to prepare it. Mr. Davis has never been relieved as counsel in this case. He therefore remains attorney-of-record, and he shall be responsible for representing appellant on appeal.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct. See *Blakely* v. *State,* 279 Ark. 141, 649 S.W.2d 187 (1983); *Ellis, supra.*

Motion granted.