Richard WILLIAMS *v.* STATE of Arkansas

CR 83-113                                                633 S.W.2d 718

Supreme Court of Arkansas
Opinion delivered January 30, 1984

*Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda West Vanderbilt,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Richard Williams, represented by two paid attorneys, was convicted of aggravated robbery and theft and was sentenced to consecutive prison terms of 20 years and 5 years. No notice of appeal was filed within 30 days after the entry of the judgment on December 1, 1981. Later on, Williams employed his present counsel to seek a belated appeal on the ground that one of his attorneys, Guy J. Notte, had failed to file notice of appeal as Williams had instructed him to do. This appeal is from the trial court's denial of a belated appeal, after a hearing. The court found that Williams, although informed of his right to appeal, had not in any way demonstrated an intention to appeal and in fact did not want to appeal until after the permitted time had expired. The case comes to this court under Rule 29 (1) (j).

A convicted defendant is not entitled to a belated appeal if he waived his right to appeal by deciding not to do so. *Munn* v. *State,* 278 Ark. 283, 644 S.W.2d 945 (1983). That is the situation in this case. At the hearing below, Williams testified that he had written to his wife about instructing Notte to file a notice of appeal, but Notte's statement is that he was not told of Williams's desire to appeal until the time had expired. Most important, in February, 1982, more than a month too late for an appeal, Williams wrote to his other attorney as follows:

> I am in Cummins. Also I got my time card. They say that I have to do 8 years before I am eligible for release. . . . I was told that I would do 5 years, by you and Guy, that [is] one reason I decided not to appeal because I put faith in you and Guy concerning this

matter but now I feel that I need to file a late appeal so that I can prove my innocent or a new trial.

In view of Williams's own statement, too late, that he had changed his mind about not appealing, the trial judge's conclusion is not clearly erroneous.

Affirmed.