Jimmy EDWARDS and Romy L. Acton *v.* CITY OF CONWAY, Arkansas

CR 89-109 777 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered October 9, 1989

*Mark S. Cambiano*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The appellants were convicted of the misdemeanor offense of hunting turkey in a closed zone. The Conway Municipal Court suspended the appellants' hunting licenses for one year and fined them each $500 with $300 suspended. Appellants' attorney, David L. Gibbons, failed to perfect their appeal in the Faulkner County Circuit Court. Their newly retained attorney filed in circuit court a motion for belated appeal and a motion for Rule 37 relief alleging ineffective assistance of counsel. The trial court denied the appellants' requested relief. We affirm.

Arkansas Inferior Court Rule 9 governs an appeal from municipal court to circuit court. It provides in pertinent part the following:

> (a) All appeals in civil cases from inferior courts to circuit courts must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal

within thirty (30) days from the date of the entry of the judgment.

(b) An appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and the appellant shall have the responsibility of filing such record in the office of the circuit clerk. . . .

This court has interpreted this filing requirement to be mandatory and jurisdictional. *See, e.g., Wheeler* v. *City of Arkadelphia*, 254 Ark. 533, 495 S.W.2d 862 (1973). Further, it is the duty of the counsel, not the judge, clerk, or reporter, to perfect the appeal. *Lowe* v. *State*, No. CR 89-160 (October 2, 1989).

 Since the appellants' appeal was untimely pursuant to Rule 9, they filed a petition for belated appeal in the circuit court with an affidavit from their first attorney admitting responsibility for failing to perfect their appeal. Pursuant to A.R.Cr.P. Rule 36.9, this court may grant a belated appeal, in criminal cases, when a good reason for failing to perfect the appeal is shown by affidavit.[1] But, there is no rule that gives the circuit court authority to accept untimely appeals. In fact, in *Gray* v. *State*, 277 Ark. 442, 642 S.W.2d 306 (1982), this court held that a trial court had no authority to grant a belated appeal. Here, the trial court acted properly in denying the appellants' motion for belated appeal.

 Likewise, we affirm the trial court's denial of appellants' Rule 37 petition. Pursuant to A.R.Cr.P. Rule 37, postconviction relief is available where a prisoner is in custody under sentence of a circuit court and whose case was not appealed to the supreme court or court of appeals. Clearly, the appellants were not in custody and were not sentenced by the circuit court.[2]

---

[1] In *Ellis* v. *State*, 276 Ark. 560, 637 S.W.2d 588 (1982), we stated that the filing of the notice of appeal within the time prescribed by A.R.Cr.P. Rule 36.9 is not jurisdictional as to this court.

[2] Appellants also mention their entitlement to effective assistance of counsel under the sixth amendment to the United States Constitution and art. 2, § 10 of the Arkansas constitution. As we explain later in this opinion, the Supreme Court in *Duncan* v.

■ In affirming the trial court, we mention the appellants' constitutional argument concerning their right to a jury trial. In *Duncan* v. *Louisiana*, 391 U.S. 145 (1968), the Supreme Court held that defendants are not entitled to a jury trial for petty offenses. Here, the offense with which appellants were charged and convicted was a petty offense and one for which they had no constitutional right to a jury. *Cf. Johnston* v. *City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975).

■ Appellants also cite art. 2, § 7 of the Arkansas constitution and claim that its provisions guarantee their right to a jury trial in all cases at law without regard to the amount of controversy. However, persons are not entitled to a jury trial in municipal court except that such right to jury remains inviolate when they pursue their appeal to circuit court where their case is tried *de novo*. *See* Ark. Code Ann. §§ 16-17-703 and -704 (Supp. 1987). That appeal, as previously discussed above, must be properly perfected; the circuit court has no authority to accept untimely appeals. In other words, in order to exercise this right in circumstances as those present here, a timely appeal must have been filed pursuant to Arkansas Inferior Court Rule 9.

For the reasons stated above, we affirm.

PURTLE and NEWBERN, JJ., concur.

DAVID NEWBERN, Justice, concurring. Failure of counsel to perfect an appeal is a basis for granting a belated appeal from a circuit court to an appellate court. *In re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979); *Ellis* v. *State*, 276 Ark. 560, 637 S.W.2d 588 (1982); *Nelson* v. *State*, 272 Ark. 287, 613 S.W.2d 598 (1981). *See* Ark. R. Crim. P. 36.9. Just as we have the power to grant such appeals from the circuit court, the circuit court should have the power to grant belated appeals, upon a showing of good cause, from the municipal court. The court's

---

*Louisiana*, 391 U.S. 145 (1968), has held defendants are not entitled to a seventh amendment right to a jury trial in petty offense cases. That Court also has held that the sixth and fourteenth amendments require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel. *Scott* v. *Illinois*, 440 U.S. 367 (1979). In sum, appellants here fail to cite any authority or offer convincing authority to support their position that they are entitled to effective counsel in a situation concerning a petty offense.

opinion correctly reveals that the circuit court does not now have that power. While the decision is correct, it reveals an unfair gap in our rules.

Until we adopt a rule permitting a circuit court to grant, upon a showing of good cause, a belated appeal from a municipal court, it is my opinion that this court has the authority to permit a belated appeal from a municipal court to a circuit court, and we should exercise it. Arkansas R. Crim. P. 1.2 provides:

> These rules shall govern the proceedings in all criminal cases in the Supreme Court and in circuit courts of the State of Arkansas. They shall also apply in all other courts where their application is practicable or constitutionally required.

It is practicable, for now, to apply Rule 36.9 to appeals of municipal court proceedings. The appellants should be allowed to petition this court for a belated appeal of their case from the municipal to the circuit court, based upon the affidavit of their counsel stating that he mistakenly failed to perfect their appeal on time.

PURTLE, J., joins in this concurrence.