Richard Lee MITCHAEL *v.* STATE of Arkansas

CR 91-150                                         828 S.W.2d 844

Supreme Court of Arkansas
Opinion delivered May 4, 1992

*Roger T. Jeremiah*, for appellant.

No response.

PER CURIAM. In this case, the court was required to issue an order on counsel, Roger T. Jeremiah, to appear before us on Monday, February 3, 1992, and show cause why he should not be

held in contempt. *See Mitchael* v. *State*, 308 Ark. 100, 821 S.W.2d 49 (1992). In sum, Mr. Jeremiah failed to file a brief due on June 11, 1991, and failed to respond to the clerk's letter explaining why. In fact, no brief or response had been filed at the time the court's show cause per curiam was issued on January 21, 1992.

Mr. Jeremiah appeared before us on February 3, 1992, and pled not guilty. He filed his brief on February 17, 1992, and the case was decided on April 13, 1992. The court appointed a special master to take evidence bearing upon the cause, if any, for Mr. Jeremiah's failure to properly pursue the appeal of Richard Lee Mitchael's conviction. On Tuesday, March 24, 1992, the special master afforded Mr. Jeremiah a hearing where he changed his guilty plea to one of no contest. The hearing has been transcribed and reviewed, and the special master has filed his findings of fact with this court for its consideration in determining whether Mr. Jeremiah's actions or inactions constitute contempt.

Mr. Jeremiah concedes he should have timely filed a brief for Mitchael, or if he, Jeremiah, had doubts as to whether Mitchael actually desired to pursue an appeal, Jeremiah should have moved to withdraw as counsel or to dismiss the appeal. He stated he was wrong in doing nothing. Jeremiah asserts he failed to acquaint himself with the Rules of Appellate Procedure, particularly Rule 10 of the Rules of the Arkansas Supreme Court, which addresses a party's failure to file briefs. Counsel Jeremiah says his lack of knowledge directly resulted in his failure to perfect Mitchael's appeal.

Counsel's statements have been considered in mitigation of this court's finding of contempt in this matter. His remarks concerning lack of knowledge run somewhat inconsistent with his having been found in contempt of this court in 1988. *See Smith* v. *State*, 295 Ark. 700, 750 S.W.2d 61 (1988). In *Smith*, Mr. Jeremiah similarly admitted he neglectfully failed to file his brief within the time specified by the court. There, he extended his apology to this court, and this court fined Mr. Jeremiah $250.00.

■ Based upon the record before us, Mr. Jeremiah is held in contempt of this court and fined $500.00.