## Michael HAWKINS *v.* CITY OF PRAIRIE GROVE

CA CR 92-1070                                              861 S.W.2d 118

Court of Appeals of Arkansas
Division I
Opinion delivered September 8, 1993
[Rehearing denied October 6, 1993.]

*John William Murphy*, for appellant.

*Boyce R. Davis Associates*, by: *Boyce R. Davis*, for appellee.

JOHN E. JENNINGS, Chief Judge. Michael Hawkins was convicted of driving while intoxicated in Prairie Grove Municipal Court on January 18, 1991. Appellant filed a timely notice of appeal with the clerk of the Washington County Circuit Court and filed an affidavit of appeal with the clerk of the Prairie Grove Municipal Court on February 6, 1991.

The municipal court clerk never lodged the record on appeal in circuit court and on June 18, 1992, the court dismissed the appeal. The sole argument here is that the judge erred in his interpretation of Arkansas Code Annotated section 16-17-213 (Supp. 1991). We find no error and affirm.

The cited statute provides:

> If a party appeals from a justice of the peace judgment or a municipal court judgment, the clerk of the court or the justice of the peace of the court from which the appeal is taken must file the transcript of the judgment in the office of the circuit court within thirty (30) days after the rendition of the judgment.

Appellant notes that the earlier version of this act provided, "the clerk of the municipal court shall . . . lodge the transcript with the circuit clerk . . ." and argues that the change in the wording from "shall" to "must" shows that the general assembly intended that the appellant have no responsibility for lodging the record on appeal. We see no reason to agree. Under both versions of the statute the municipal court clerk clearly is charged with the responsibility for filing the record of the proceedings with the circuit court. Compliance with this section has been said to be mandatory and jurisdictional. *Wheeler* v. *City of Arkadelphia*, 254 Ark. 533, 495 S.W.2d 862 (1973). But when it is clear that the court [or the clerk] will not file the transcript, "the party appealing must assume the burden of taking prudent and diligent measures to protect his right of appeal, eliminating burdens of a character completely beyond his control." *Wheeler, supra*; *Brown* v. *Curtis*, 254 Ark. 162, 492 S.W.2d 235 (1973).

Appellant contends that he was left without a remedy, but the court in *Brown* noted that a party in such circumstances may file a motion for a rule on the clerk or a petition for a writ of mandamus. We also see no reason why appellant could not have

filed a partial record in the circuit court and petitioned for a writ of certiorari directing the municipal court clerk to lodge the record on appeal. *See e.g., Forrest City Machine Works* v. *Mosbacher*, 312 Ark. 578, 851 S.W.2d 443 (1993).

Our conclusion is that the circuit court was correct in determining that it lacked jurisdiction to hear the appeal.

Affirmed.

COOPER and ROGERS, JJ., agree.