Robert Lee JONES *v.* STATE of Arkansas

CR 94-595                                                        883 S.W.2d 452

Supreme Court of Arkansas
Opinion delivered September 19, 1994

*Davis Loftin*, trial counsel for appeallant.

*Bart E. Ziegenhorn*, newly appointed appellate counsel for appellant.

No response.

PER CURIAM. By per curiam opinion issued July 18, 1994, this court directed Mr. Davis Loftin, trial counsel for Robert Lee Jones, to appear on Monday, September 12, 1994, and show cause why he should not be held in contempt for failing to file a record and brief in this appeal. Mr. Loftin conceded that, on May 21, 1991, he filed a notice of appeal from Jones' conviction judgment

entered on May 2, 1991. Loftin asserts the notice of appeal was filed so as to preserve Jones' right to appeal while Jones was deciding whether he would appeal. Jones subsequently obtained a bond and has been free, since the filing of the appeal notice. Loftin also concedes he never filed a motion to withdraw as counsel, nor has he done anything further to perfect or lodge a record in this cause.

■ Under Ark. R. Crim. P. 36.26, trial counsel, whether retained or appointed, shall continue to represent a convicted defendant through any appeal to the supreme court, unless permitted by this court (or trial court before notice of appeal is filed) to withdraw in the interest of justice or for other sufficient cause. Here, Mr. Loftin undisputedly filed a notice of appeal in this matter and was aware of Jones' appeal bond. Nonetheless, he never filed a motion to withdraw requesting to be relieved as counsel. Therefore, Loftin remained attorney-of-record and responsible for representing Jones on appeal. *Wesson* v. *State*, 280 Ark. 98, 655 S.W.2d 401 (1983).

■ Mr. Bart E. Ziegenhorn has now been appointed counsel for Jones and a motion for rule on the clerk has been granted permitting the record to be filed, although it is more than three years late. *Jones* v. *State*, CR94-595 (per curiam opinion delivered July 18, 1994). Based upon Mr. Loftin's knowledgeable filing of a notice of appeal, awareness of Jones' appeal bond and failure to lodge a record, he is held in contempt of court and fined $250.00. *See Mitchael* v. *State*, 309 Ark. 280, 828 S.W.2d 844 (1992). In fixing the fine, the court also considered Mr. Loftin's prior failure to lodge a record after having filed a notice of appeal in the case of *Gidron* v. *State*, CR92-1388 (unpublished per curiam opinion delivered on February 8, 1993).

A copy of this opinion will be forwarded to the Committee on Professional Conduct.