Kenneth MALONE, Brian Bailey and Roy D. Haskett *v.* STATE of Arkansas

CR 87-109                                         742 S.W.2d 945

Supreme Court of Arkansas
Opinion delivered January 25, 1988

*G. Keith Watkins*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. This is a criminal case in which the appellants entered respective guilty pleas to charges of theft by receiving and criminal mischief and each was sentenced to two years imprisonment. They seek reversal, claiming the trial court erred in denying or rejecting (1) their motion to withdraw their pleas, (2) their contention they received ineffective assistance of counsel, and (3) their alternative request for relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. We affirm.

Regarding the appellants' first point, Rule 26.1 of the Arkansas Rules of Criminal Procedure provides that the trial court shall allow a defendant to withdraw his plea of guilty upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice. As to the timeliness of such a Rule 26.1 motion, we have held that it must be made prior to sentencing. *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979); *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 454 (1977). In the instant case, we find nothing in the record to support the appellants' claim that they made an oral motion to withdraw their pleas prior to sentencing. Instead, the record reflects only a written motion requesting such relief, and it was filed about one month after their conviction judgments were

filed.[1] The rule is well settled that an appellant must bring up a record sufficient to show that the trial court was wrong. *King* v. *Younts, Chief of Police*, 278 Ark. 91, 643 S.W.2d 542 (1982). Because the record before us fails to show the appellants filed a timely motion to withdraw their pleas, we uphold the trial court's ruling denying what appears to be their belated request for withdrawal of their pleas.

Appellants, citing Rules 26.1(c)(i) and 37.1 of the Arkansas Rules of Criminal Procedure, next argue they were denied effective assistance of counsel because they were represented by the same attorney. Our first concern with the appellants' argument is, as we have already held, that the appellants failed to file a timely motion in order to obtain relief under Rule 26.1. Also, concerning their Rule 37 request for relief, this court clearly has pointed out that the "Scope of the Remedy" for proceedings under Rule 37 is confined to a prisoner, in custody under sentence of a circuit court. *Burkhart* v. *State*, 271 Ark. 859, 611 S.W.2d 500 (1981). Here, the appellants were out of custody on their original bonds when they filed their motion for relief under Rule 37. Even so, assuming the appellants were entitled to seek relief under Rules 26.1 and 37.1, their claim of ineffective counsel must still be denied.

In the recent case of *Burger* v. *Kemp*, ___ U.S. ___, 107 S.Ct. 3114, ___ L.Ed.2d ___ (1987), the Supreme Court recounted the rule that requiring or permitting a single attorney to represent codefendants, often referred to as joint representation, is not a *per se* violation of constitutional guarantees of effective assistance of counsel. The Court said further that it had never held that the possibility of prejudice that "inheres in almost every instance of multiple representation" justifies the adoption of an inflexible rule that would presume prejudice in all such cases. *Id.* at 3120. "Instead," the court explained, "we presume prejudice only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Id.*

---

[1] Appellants' written motion did refer to an earlier oral motion, but, other than this bare allegation, nothing appears in the record to reflect the oral motion was made or ruled upon.

When we review the record before us in view of the settled law concerning joint representation as set out in *Burger*, we find nothing that suggests a conflict of interest among the three appellants, nor have appellants alleged any actual or potential conflicts which could be considered prejudicial. Clearly, allegations of ineffective assistance of counsel without substantiation do not justify post-conviction relief. *Gilbert* v. *State*, 282 Ark. 504, 669 S.W.2d 454 (1984).

For the reasons given above, we conclude that the appellants have failed to show reversible error. Therefore, we affirm.