Annette MASON, et al. *v.* STATE of Arkansas

95-690                                                914 S.W.2d 751

Supreme Court of Arkansas
Opinion delivered February 12, 1996

*Heather P. Hogrobrooks*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Associate Justice. The state filed delinquency petitions in juvenile court, alleging Frederick Mason and Nicholas Mason were each guilty of burglary and two counts of felony theft of property. At a hearing, the court entertained true pleas from both. Frederick entered a plea to one count of burglary and two counts of theft, and Nicholas pled to one count of burglary and one count of theft. Frederick and Nicholas were then placed on six months supervised probation, followed by six months unsupervised probation. After their respective pleas and judgments were entered, the Masons retained new counsel who filed notices of appeal from the court's judgments. On appeal, the Masons contend that (1) their pleas were not intelligent, knowing, or voluntary and (2) their prior counsel was ineffective.

■■ We first point out that the Arkansas Rules of Criminal Procedure apply to delinquency proceedings, Ark. Code Ann. § 9-27-325(f) (Supp. 1995).[1] Thus, under Ark. R. Crim.

---

[1] More fully, § 9-27-325(f) provides that, until rules of procedure for juvenile court are developed and in effect, the Arkansas Rules of Civil Procedure shall apply to all proceedings and the Arkansas Rules of Criminal Procedure shall apply to delinquency proceedings. On June 19, 1989, this court referred the Arkansas Juvenile Justice Com-

P. 36.1 (1995), juvenile defendants, like the Masons here, may not appeal from a plea of guilty or nolo contendere, except as provided by Ark. R. Crim. P. 24.3(b). Rule 24.3(b) provides a defendant may enter a guilty plea conditioned on the reversal of a pretrial determination of a motion to suppress illegally obtained evidence. *Scalco v. City of Russellville*, 318 Ark. 65, 883 S.W.2d 813 (1994). The Masons' guilty pleas were not conditional and do not fall within the terms of Rule 24.3(b). Consequently, we are precluded by Rule 36.1 from hearing their appeals. *See also Hodge v. State*, 320 Ark. 31, 894 S.W.2d 927 (1995).

Because we have no authority to consider the Masons' appeals, we also are unable to consider their ineffective assistance of counsel argument.[2] Accordingly, we dismiss this appeal.

---

mission's petition to this court's standing Committee on Civil Procedure (now Practice) to determine what juvenile rules and procedures are advisable. No report has been submitted to this court by our committee, so this court's civil and criminal rules continue to control juvenile proceedings. *In Re: Rules of Juvenile Court Procedure*, 299 Ark. 575, 771 S.W.2d 25 (1989).

 [2] The Masons' argument appears doubtful in any event. Arkansas Rule of Criminal Procedure 37 is applicable to juvenile proceedings under § 9-27-325(f), but that rule, providing defendants the opportunity to argue ineffective assistance of counsel, is available only when they are in custody. *See Malone v. State*, 294 Ark. 376, 742 S.W.2d 945 (1988). Here, the Masons are not in custody. For clarity, we further note that, prior to enactment of § 9-27-325(f), the court held that juvenile delinquent proceedings were not covered by Rule 37. *See Robinson v. Shock, Supt.*, 282 Ark. 262, 667 S.W.2d 956 (1984).