Larry KEMP *v.* STATE of Arkansas

CR 97-932                                                    956 S.W.2d 860

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Appellant,* pro se.

No response.

PER CURIAM. Larry Kemp was convicted of being a felon in possession of a firearm. Mr. Kemp sought postconviction relief pursuant to Ark. R. Crim. P. 37.1 which allows "[a] petitioner in custody under a sentence of a circuit court" to seek release from custody, a new trial, or modification of sentence upon a showing of one or more grounds listed in the Rule.

Mr. Kemp petitioned the Pope Circuit Court relief pursuant to the rule. The petition was denied. He has appealed from that decision. The State moves to dismiss the appeal on the ground that, although Mr. Kemp's sentence included a fine, it did not include confinement so he is not a person "in custody." The argument is that the Circuit Court was thus without jurisdiction

to proceed pursuant to the Rule, and therefore, we lack jurisdiction as well.

Mr. Kemp's response concedes he has no right to relief under Rule 37.1 unless it can be found that he is in custody. He contends, however, that "in custody" as used in Rule 37.1 should include a person who has been sentenced to a fine. That is so, says Mr. Kemp, because such a person is subject to incarceration in the event the fine is not paid. It is argued further that our Rule is, as we said in *Mason v. State,* 285 Ark. 484, 687 S.W.2d 849 (1985), modeled upon federal *habeas corpus* laws in which, Mr. Kemp argues, the concept of "custody" is expanded to include the situation in which a person has been fined.

While we decline to hold that we lack jurisdiction in this matter in view of the State's failure to cite any law or case that says so, we dismiss the appeal because Mr. Kemp's argument with respect to whether he is in custody is without merit. In support of his argument Mr. Kemp cites *U.S. v. Keane,* 852 F.2d 199 (7th Cir. 1988) (*coram nobis* petition seeking return of fine held improper after custody had ceased), *U.S. ex rel. Lawrence v. Woods,* 432 F.2d 1072 (7th Cir. 1970) (*habeas corpus* petition filed while petitioner was in custody held not moot after his discharge from custody), and *Hanson v. Circuit Court of First Judicial Circuit of Illinois,* 591 F.2d 404 (7th Cir. 1979) (*habeas corpus* held not available to a person subjected to a "fine-only" sentence). None of the cases is in point here.

■ The appeal is dismissed because Mr. Kemp has failed to demonstrate that he is a person "in custody" as required by Rule 37.1.