James M. BOHANAN II *v.* STATE of Arkansas

CR 98-551                                          985 S.W.2d 708

Supreme Court of Arkansas
Opinion delivered February 11, 1999

*Mark Burnette,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

L AVENSKI R. SMITH, Justice. Appellant, James Monroe Bohanan, II, appeals the decision of the Saline County Circuit Court denying his petition for relief under Ark. R. Crim. P. 37. Appellant was tried and convicted for armed robbery on October 29, 1993, and sentenced to fifteen years. He appealed his conviction, but the Court of Appeals affirmed the trial court. *Bohanan v. State,* No. CACR 94-227, slip. Op. (Ark. App. Jan. 18, 1995). Appellant then filed, on March 6, 1995, a pro se Rule 37 petition alleging entitlement to postconviction relief. Appellant principally contended that he had been denied effective assistance of counsel. He alleged that his attorney, who he had retained, failed to subpoena any of seven exculpatory witnesses. He also alleged his attorney did not seek exclusion of certain evidence appellant believed was illegally obtained by police. The

trial court denied the petition without a hearing by order entered June 27, 1995. Appellant sought review of that denial before this court on March 3, 1997. We reversed the trial court and remanded the case because the trial court's denial did not make written findings as required by Rule 37.3(a). *Bohanan v. State*, 327 Ark. 507, 939 S.W.2d 832 (1997). Upon remand, the trial court again denied appellant's petition and made written findings in its denial order entered January 27, 1998. This appeal arises from that order.

In response, the State filed a reply brief on September 10, 1998. The State then sought and received from this Court permission to file an additional belated reply brief. In this second reply, which was a motion to dismiss, the State raises the issues of mootness and lack of jurisdiction relative to Bohanan's appeal, contending that he was no longer "in custody under sentence of a circuit court" and thus was not entitled to relief under Rule 37.1. The State makes these arguments because the appellant was released from prison on parole on January 13, 1998, approximately two weeks prior to the entry of the trial court's order on January 28, 1998. Appellant contends in response that he is indeed "in custody" because he remains in the legal custody of the Arkansas Department of Correction.

The threshold issue for this appeal then is whether the legal custody maintained by the Arkansas Department of Correction of a paroled inmate is synonymous with "in custody" for purposes of Rule 37.1. Appellant contends legal custody is sufficient whereas the State contends physical incarceration is necessary for the "in custody" requirement to be met. The State is correct. We hold that a petitioner seeking Rule 37 postconviction relief must be incarcerated in order for the rule's remedies to be available to the petitioner.

▮ Postconviction proceedings under Rule 37 are intended to avoid persons being unjustly imprisoned. This rule enables the courts to correct a manifest injustice. As we have stated "Rule 37 is a narrow remedy designed to prevent wrongful incarceration under a sentence so flawed as to be void." *Williams v. State*, 298 Ark. 317, 320, 766 S.W.2d 931 (1989). Rule 37.1 states:

A petitioner *in custody under sentence of a circuit court claiming a right to be released*, or to have a new trial, or to have the original sentence modified on the ground:

(a) that the sentence was imposed in violation of the Constitution and laws of the United States or this state; or

(b) that the court imposing the sentence was without jurisdiction to do so; or

(c) that the sentence was in excess of the maximum sentence authorized by law; or

(d) that the sentence is otherwise subject to collateral attack; may file a verified petition in the court which imposed the sentence, praying that the sentence be vacated or corrected.

(e) The petition will state in concise, nonrepetitive, factually specific language, the grounds upon which it is based and shall not exceed ten pages in length. The petition, whether handwritten or typewritten, will be clearly legible, will not exceed thirty lines per page and fifteen words per line, with lefthand and righthand margins of at least one and one-half inches and upper and lower margins of at least two inches. Petitions which are not in compliance with this rule will not be filed without leave of the court.

(Emphasis added.)

Rule 37.1 begins "A petitioner in custody under sentence of a circuit court. . . ." It is apparent that this rule's provisions are applicable only to such persons who are "in custody." Appellant contends that the proper construction of the term "in custody" would include not only physical custody but the legal custody of the Arkansas Department of Correction. Hence, a petitioner could be a parolee such as appellant and still be "in custody" for purposes of Rule 37.1. We disagree.

While we have never previously held precisely that a petitioner must be incarcerated to be entitled to Rule 37 relief, such a holding is clearly consistent with our cases addressing Rule 37. The most recent case touching this subject is *State v. Herred*, 332 Ark. 241, 964 S.W.2d 391 (1998). In *Herred*, the appellant was out on bond at the time he filed his Rule 37 petition, but was serving his sentence when the trial court ruled on the motion.

The state contended the trial court lacked jurisdiction because the petitioner was not in custody when the petition was filed. We disagreed and concluded the court did have jurisdiction under Rule 37 because the petitioner was in custody when the court considered the merits of his motion. We thus construed "in custody" in that case to mean incarcerated.

Three other recent cases indicate that in circumstances where the petitioner was not actually physically incarcerated no Rule 37 relief was available. In *Kemp v. State*, 330 Ark. 757, 956 S.W.2d 860 (1997), we held that petitioner was not entitled to relief under Rule 37 where he had only been fined for felony possession of a firearm receiving no jail time and therefore was not "in custody." Similarly, in a case where petitioner received a fine for illegal turkey hunting, we affirmed the trial court's denial of relief. *Edwards v. City of Conway*, 300 Ark. 135, 137, 777 S.W.2d 583 (1989). In *Edwards* we stated "Pursuant to Ark. R. Crim. P. 37, postconviction relief is available where a prisoner is in custody under sentence of a circuit court. . . ." *Id.* at 137.

In the second recent case, *Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997), the court, in dicta while discussing withdrawal of a guilty plea, cited *Malone v. State*, 294 Ark. 376, 742 S.W.2d 945 (1988), where we stated, "Rule 37 could have applied but did not because that remedy is confined to use by a prisoner who is in custody under sentence of the circuit court, and the parties at issue were out on bond." *Johninson.* at 386. Later in *Johninson,* while contrasting Rule 37.1 and 37.2, the Court stated, "While relief pursuant to Rule 37.1 is limited to prisoners incarcerated under sentence, that is obviously not contemplated by Rule 37.2 . . . ." *Id.* at 387.

In the third recent case, *Mason v. State*, 323 Ark. 361, 914 S.W.2d 751 (1996), involving juveniles on probation, we denied a motion to withdraw a guilty plea, and in a footnote referring to Rule 37 petitioners stated, "Arkansas Rule of Criminal Procedure 37 . . . is available only when they are in custody." These statements by the Court in the above-cited cases indicate we have consistently viewed incarceration as a prerequisite to Rule 37 relief.

■ The Commentary to Rule 37 also supports a construction of the rule that would make incarceration a requirement to the granting of relief. It states, "Implicit in the first clause of Rule 1, here Rule 37.1, is the notion that eligibility for relief extends only to incarcerated persons — not, for example, to persons who have completed terms of imprisonment or who have received suspended sentences.

■ Despite these precedents, appellant argues that Rule 37 still applies to him and cites language from his conditional release that states: "You shall remain in legal custody of the Department of Community Punishment and subject to the orders of the Post Prison Transfer Board until discharged from your sentence, or until you are returned to the Arkansas Department of Correction by order of the Post Prison Transfer Board." Appellant also relies on *Kemp, supra* and attempts to distinguish it by pointing out that *Kemp* involved no incarceration, whereas he had not only been incarcerated but remained in "legal custody." Appellant's arguments, however, are unavailing. The key and indeed crucial similarity between this case and *Kemp* is that in both cases neither party seeking relief was incarcerated when their case was heard by this Court. The boilerplate language contained in appellant's conditional release does not keep him "in custody" for purposes of Rule 37, which we hold to mean incarceration.

■ ■ Appellant also points this Court to the federal jurisprudence on habeas corpus, since our Rule 37 is patterned after it, for the effect of petitioner's parole on his appeal. We acknowledge the parallel, but we decline appellant's invitation to adopt the federal habeas standards for mootness. In Arkansas, an issue becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Quinn v. Webb Wheel Products*, 334 Ark. 573, 976 S.W.2d 386 (1998); *Stilley v. McBride*, 332 Ark. 306, 965 S.W.2d 125 (1998); *Pennington v. Pennington*, 315 Ark. 479, 868 S.W.2d 460 (1994). The principal purpose of Rule 37 is to avoid unjust incarceration. In circumstances such as this case, where the petitioner has been released prior to granting relief, granting the relief has no practical effect. We hold that appellant's Rule 37 petition is rendered moot by his

release from custody. It is therefore unnecessary to address the merits of his ineffective-assistance claims.

Affirmed.

GLAZE and BROWN, JJ., concur.

TOM GLAZE, Justice, concurring. I agree with the majority, but would emphasize the clear introductory language of Ark. R. Crim. P. 37.1, which establishes the parameter of the Rule — a petitioner *in custody under sentence* of a circuit court *claiming a right to be released.* . . . This court clearly has pointed out that the "Scope of the Remedy" for proceedings under Rule 37 is *confined to a prisoner, in custody* under sentence of a circuit court. *Malone v. State*, 294 Ark. 376, 742 S.W.2d 945 (1988); *Burkhart v. State*, 271 Ark. 859, 611 S.W.2d 500 (1981); *Hartsell v. State*, 254 Ark. 687, 495 S.W.2d 523 (1973) (court interpreting Criminal Procedure Rule 1, predecessor to Rule 37, to provide postconviction relief only for a prisoner in custody of sentence and declining to enlarge scope of remedy to include a prisoner under sentence of a *federal* court; and further holding defendant was not precluded from seeking relief in appropriate federal forum). In *Malone,* this court stated defendants were not entitled to Rule 37 relief because defendants were out of custody on bonds when they filed their Rule 37 motion.

ROBERT L. BROWN, Justice, concurring. I cannot disagree that our recent cases that touch and concern Ark. R. Crim. P. 37.1 indicate that *physical* custody is a prerequisite to petitioning for relief. This is so even though Rule 37.1 merely uses the term "custody" and does not distinguish between legal custody or physical custody.

I am mindful, however, that in this case where parole is the issue, the order of conditional release makes reference to the fact that the respondent, Bohanan, is still in *legal* custody. This would be sufficient custody for postconviction relief in the federal system. The federal courts have universally interpreted the term "custody" as used in 28 U.S.C. § 2254 broadly and as synonymous with restraint of liberty as opposed to actual physical custody. *See, e.g., Carafas v. LaVallee*, 391 U.S. 234 (1968) (release of

the prisoner does not deprive the court of jurisdiction under federal statute); *Jones v. Cunningham*, 371 U.S. 236 (1963) (custody includes a person on parole); *Jones v. Jerrison*, 20 F.3d 849 (8th Cir. 1994) (a parolee is still in custody); *Richmond v. Duke*, 909 F. Supp. 626 (E.D. Ark. 1995) (parolee in Arkansas remained under State supervision and, thus, in custody).

What concerns me is the hypothetical case of a petitioner who is on parole when the mandate affirming his conviction is issued. In light of today's opinion, he cannot file a petition for Rule 37 relief. And if his parole is revoked more than sixty days after the mandate is issued, and he is incarcerated, his time for filing a petition will have elapsed. *See* Ark. R. Crim. P. 37.2(c). Thus, he is deprived of a postconviction remedy. This appears to be fundamentally unfair.

This problem, of course, does not affect Bohanan. But it suggests that it may well be time for this court to revisit Rule 37, bearing this problem in mind.