Benjamin C. DUKE *v.* STATE of Arkansas

CR 03-507                                                    127 S.W.3d 477

Supreme Court of Arkansas
Dissenting opinion delivered October 30, 2003

ANNABELLE CLINTON IMBER, Justice, dissenting. Benjamin Duke has appealed from the Faulkner County Circuit Court's denial of his petition for relief pursuant to Ark. R. Crim. P. 37 (2003). The State has moved to dismiss this appeal, stating that Mr. Duke's ineffective-assistance-of-counsel claim is rendered moot by the fact that he has been released on parole. I believe that the State's motion to dismiss should be denied; and, therefore, I respectfully dissent.

This court's decision hinges on the meaning of the words "in custody" as they pertain to Rule 37 postconviction relief. We have interpreted these words to mean that Rule 37 relief is applied to defendants only if they are in *physical* custody pursuant to their sentence, rather than merely in the *legal* custody of authorities. *See Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999). The issue in this case is more fundamental, however, than whether a defendant is in physical or legal custody at the time his Rule 37 petition is filed, decided, or appealed.

The Sixth Amendment to the United States Constitution provides that every accused in a criminal prosecution has the right to assistance of counsel in his defense. The United States Supreme Court has stated that, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759 (1970). In the 1984 case of *Strickland v. Washington*, 466 U.S. 668, the Supreme Court said, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. It is clear, then, that the denial of the fundamental right to effective assistance of counsel can result in grave injustice.

Several times, we have held that a defendant was denied effective assistance of counsel; and we have reversed their convictions, thus allowing them the opportunity to be retried with the full measure of their Sixth Amendment right to counsel. *See, e.g., Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002); *Sanford v. State*,

342 Ark. 22, 25 S.W.3d (2000); *Farmer v. State,* 321 Ark. 283, 902 S.W.2d 209 (1995); *Wicoff v. State,* 321 Ark. 97, 900 S.W.2d 187 (1995); *Lasiter v. State,* 290 Ark. 96, 717 S.W.2d 198 (1986). In my opinion, the right to counsel is fundamental to our system of justice; especially considering that the price of the denial of that right is so high. A felony conviction — whether the sentence is incarceration, parole, probation, a suspended sentence, or even merely a fine — results in losses of rights and privileges unlike any other event a person might experience; i.e., loss of right to vote, possible loss of professional licenses, loss of custody of children, etc. The vanguard that stands between an accused and his loss of freedom or privilege is a competent defense attorney.

In my view, the denial of Rule 37 postconviction relief for persons who either have completed their incarceration or whose sentence did not include incarceration is a denial of the Sixth Amendment right to counsel to a specific class of persons. This denial is based, in hindsight, on the sentence handed down to the defendant. If two defendants are charged with the same crime, and one receives a lengthy sentence and the other receives probation or is released on parole, the first may have his day in court to adjudicate whether or not his fundamental right to counsel was protected. The latter will have no opportunity to the same protection. I cannot believe that such protection should be given for one class of persons and limited or removed from another. For these reasons, I respectfully dissent.

BROWN, J., joins.