

Cite as 2014 Ark. 176

# SUPREME COURT OF ARKANSAS

No. CR-12-802

| | |
|---|---|
| SAM EDWARD THURMOND, SR. APPELLANT | **Opinion Delivered** April 17, 2014 |
| V. | PRO SE APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT, [NO. 23CR-11-318] |
| STATE OF ARKANSAS APPELLEE | HONORABLE CHARLES EDWARD CLAWSON, JR., JUDGE |
| | <u>APPEAL DISMISSED</u>. |

## PER CURIAM

In 2012, appellant Sam Edward Thurmond, Sr., entered a negotiated plea of guilty to a charge of theft of property in the Faulkner County Circuit Court, and he received a sentence of 120 days' imprisonment in the county jail and 60 months' probation. Appellant filed in the trial court a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2013). The trial court held a hearing on both the Rule 37.1 petition and a petition for probation revocation filed by the State. In an order filed in court on May 21, 2012, the trial court revoked appellant's parole, imposing 360 additional days in the county jail and additional parole time. It also denied the Rule 37.1 petition in an order entered June 1, 2012.[1] Appellant appeals the order denying postconviction relief.

Appellant was released from the Faulkner County jail after filing this appeal, and he is

---

[1]Because appellant was incarcerated on the charge at the time that the order denying postconviction relief was entered, the trial court had jurisdiction to grant or deny relief. *See Branning v. State*, 2010 Ark. 401.

SLIP OPINION

therefore no longer entitled to postconviction relief. *Herron v. State*, 2011 Ark. 71 (per curiam); *see also Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999) (holding that a petitioner was not "in custody" for purposes of Rule 37 where the petitioner was on parole). Because appellant can no longer receive relief on his claims for postconviction relief, those claims are moot, and we must dismiss the appeal.

Moreover, even if appellant's claims were not moot, the appeal is without merit. Appellant raises some issues on appeal concerning trial error, violations of attorney-client privilege, and attorney conflict that were not developed below and for which he received no ruling. *See Hogan v. State*, 2013 Ark. 223 (per curiam) (The appellant had an obligation to obtain a ruling on each claim, and he could not raise new arguments on appeal.). The remaining issues in the appeal concern appellant's allegation that trial counsel was ineffective for failing to seek suppression of evidence concerning a lineup. Appellant contends that the copies of the photos that comprised the lineup that were provided to the defense were suggestive and that, because counsel did not act appropriately to suppress that evidence and his recommendations concerning that evidence and entry of a plea were therefore flawed, appellant's plea was not knowingly or voluntarily entered.

Trial counsel testified that his examination of the original photos that would have been introduced showed that the lineup was not suggestive and that, as a consequence, he could not have challenged the evidence with what would have been a meritless claim. The trial court found that counsel's testimony was credible. The trial court also found that counsel's recommendations based on that conclusion were the result of a reasonable strategic decision and

that it followed that appellant's plea was knowingly and voluntarily entered. When this court reviews an order that denies postconviction relief, it does not reverse unless the trial court's findings are clearly erroneous. *Hayes v. State*, 2014 Ark. 104, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Appellant's claims hinged on the potential challenge to the lineup, and the record supports the trial court's conclusion that appellant did not demonstrate that there was a meritorious challenge that trial counsel could have made to that lineup. Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Nelson v. State*, 2014 Ark. 28 (per curiam). The trial court did not clearly err in denying postconviction relief.

Appeal dismissed.

*Sam Edward Thurmond, Sr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.