JOINER, Judge,
concurring specially.
W.B.S. challenges the circuit court’s dismissal of his Rule 32, Ala. R.Crim. P., petition. In determining the propriety of that decision, this Court makes two conclusions: (1) that, because “the plain language of Rule 32.1, Ala. R.Crim. P., does not include juveniles who have been adjudicated delinquent,” 192 So.3d at 420, Rule 32 is not a mechanism by which a juvenile who has been adjudicated delinquent may challenge counsel’s ineffectiveness; and (2) that “W.B.S.’s only avenue for challenging counsel’s effectiveness would be through the filing of a common-law writ.” 192 So.3d at 420. I agree with both conclusions. I write separately, however, to express additional reasons for concurring in the main opinion.
On appeal, W.B.S. raises two issues. Specifically, W.B.S. challenges the judgment of the circuit court dismissing both his Rule 32, Ala. R.Crim. P., petition and his Rule 60(b), Ala. R. Civ. P., motion and maintains that he should be afforded the opportunity to collaterally challenge his counsel’s effectiveness by filing either a Rule 32 petition or a Rule 60(b) motion.[7]
Before addressing W.B.S.’s claim that he should be able to challenge his counsel’s effectiveness under Rule 32, Ala. R.Crim. P., however, I note that it does not appear that either the Alabama Rules of Juvenile Procedure or any statute provides a procedural mechanism by which a juvenile who has been adjudicated delinquent may file a “postadjudication” petition challenging counsel’s effectiveness.
Rule 1(a), Ala. R. Juv. P., explains, in relevant part:
“If no procedure is specifically provided in these Rules [of Juvenile Procedure] or by statute, ... the Alabama Rules of Criminal Procedure shall be applicable to those matters that are considered criminal in nature.”
(Emphasis added,) Because no procedural mechanism for “postadjudication” petitions are specifically provided for in either the Alabama Rules of Juvenile Procedure or a statute, W.B.S. attempts to seek relief through the use of Rule 32, Ala. R.Crim. P.
Because juvenile-delinquency proceedings are “quasi-criminal in nature,” see Driskill v. State, 376 So.2d 678, 679 (Ala. 1979) (recognizing “the quasi-criminal nature of delinquency proceedings”), and because Rule 1(a), Ala. R. Juv. P., specifically recognizes the applicability of the Rules of Criminal Procedure to juvenile proceedings that are “criminal in nature” when no Rule of Juvenile Procedure or statute specifically provides a procedural rule, Rule 32 could potentially provide juveniles who have been adjudicated delinquent the procedural mechanism by which to file a “pos-tadjudication” petition.[8] Thus, the ques *422 tion for this Court to resolve, as the main opinion correctly frames it, is: “[Wjhether the scope of Rule 32, which is set -forth in Rule 32.1, Ala. R.Crim. P., allows juveniles who have been adjudicated delinquent to file a Rule 32 petition in a juvenile court collaterally attacking a delinquency adjudication.” 192 So.3d at 419.
The-main opinion answers this question in the negative, holding:
“The language used in Rule .32.1 is plain and expressly extends ‘postconviction’ relief to only a ‘defendant who has been convicted of a criminal offense,’ (Emphasis added.) To conclude that Rule 32 applies to juvenile adjudications, this Court must hold that the phrase ‘defendant who has been convicted of a criminal offense,’ includes both juveniles — who are certainly not classified as ‘defendants’ — and delinquency adjudications — which are not criminal convictions, see § 12-15-220(a), Ala.Code 1975.”
192 So.3d at 419. Like the main opinion, I do not read the phrase a “defendant who has been convicted of a criminal offense” as necessarily including a “juvenile who has been adjudicated delinquent.”
Although W.B.S. correctly contends that juvenile-delinquency proceedings are characterized as • “quasi-criminal in nature,” such a characterization does not bring a juvenile adjudication within the scope of Rule 32; Specifically, such a characterization does not lead to the conclusion that a delinquency adjudication is the functional equivalent of a criminal conviction. In fact, § 12-16-220(a), Ala,Code 1975, expressly provides that a delinquency adjudication “shall not be considered to be a conviction or impose any civil disabilities ordinarily resulting from a conviction for a crime.”[9] (Emphasis added.) Additionally, recognizing that juvenile adjudications are “quasi-criminal in nature” necessarily demonstrates that juvenile adjudications are, in fact, not criminal. Indeed, Black’s Law Dictionary defines the term “quasi” as: “Seemingly but not actually; in some sense or degree; resembling; nearly.” Black’s Law Dictionary 1363 (9th ed.2Q09) (emphasis added).[10] Thus, although it. is *423 correct to characterize juvenile-delinquency proceedings as “quasi-criminal in nature,”- such a characterization does not mandate a finding that a juvenile adjudication is the functional equivalent of a criminal conviction. See also Jennings v. State, 384 So.2d 104, 105 (Ala.1980) (recognizing that “our juvenile statute removes juveniles who have committed a crime from the jurisdiction of the criminal-justice system, and establishes an entirely separate system to minister to them, a system whose aim is rehabilitative rather than retributive”).
Additionally, under Rule 32.1, I cannot reconcile the term “defendant” with the term “juvenile.” Indeed, both the statutes governing juvenile proceedings, §§ 12-15-1 et seq., Ala.Code 1975, and the Alabama Rules of Juvenile Procedure go to great lengths to avoid labeling juveniles who have been adjudicated delinquent as either a “defendant” or an “offender.” Those statutes and rules, instead, simply refer to a juvenile as a “child,” which, in my opinion, move the terms “defendant” and “juvenile” even furthér apart. Thus, like the main opinion, I read the scope of Rule '32 as excluding from its purview juveniles who have been adjudicated delinquent.
Furthermore, I am not persuaded by W.B.S.’s argument that, because juveniles are entitled to competent, effective counsel, see § 12-15-210, Ala.Code 1975, he is necessarily entitled to collaterally attack his counsel’s effectiveness under Rule 32. I see no corollary between the right to competent, effective counsel and the ability to collaterally challenge such representation by filing a Rule 32 petition. Indeed, although the United States Supreme Court has recognized that' there exists a constitutional right to counsel and “that ‘the right to counsel is the right to the effective assistance of counsel,’ ” Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)), the United States Supreme Court has also recognized that states are not constitutionally required to provide a means for postconviction review of ineffective-assistance-of-counsel claims. See Murray v. Giarratano, 492 U.S. 1, 13, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (O’Connor, J., concurring) (“A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the States to provide such proceedings, see Pennsylvania v. Finley, 481 U.S. 551 (1987)....”).
Additionally, even if ;a state chose' to provide -postconviction collateral review of criminal convictions, there is no constitutional requirement for that state to extend such review to juvenile-delinquency proceedings. See, e.g., In Interest of R.R., 75 Ill.App.3d 494, 496, 31 Ill.Dec. 159, 394 *424 N.E.2d 75, 76 (1979) (“We do not believe that the provisions of the Post-Conviction Act, directly applicable to criminal proceedings, should be extended to juvenile proceedings.”). Cf. Mason v. State, 323 Ark. 361, 363, 914 S.W.2d 751, 752 n. 2 (1996) (“Arkansas Rule of Criminal Procedure 37 is applicable to juvenile proceedings under § 9 — 27—326(f), but that rule, providing defendants the opportunity to argue ineffective assistance of counsel, is available only when they are in custody. See Malone v. State, 294 Ark. 376, 742 S.W.2d 945 (1988). Here, the Masons are not in custody. For clarity, we further note that, prior to enactment of § 9-27-325(f), the court held that juvenile delinquent proceedings were not covered by Rule 37. See Robinson v. Shock, Supt., 282 Ark. 262, 667 S.W.2d 956 (1984).”).
The Alabama Supreme Court has, on one occasion, addressed the applicability of Rule 32 to a juvenile proceeding. Specifically, in Ex parte A.D.R., 690 So.2d 1208 (Ala.1996), the Alabama Supreme Court held that a juvenile who had been transferred from the juvenile court to the circuit court could, under Rule 32, file an out-of-time appeal challenging his counsel’s effectiveness at a juvenile-transfer hearing. Thus, the Alabama Supreme Court, in essence, amended Rule 32 to provide a mechanism for seeking relief in those narrow class of cases in which a juvenile sought to challenge the effectiveness of his counsel at a juvenile-transfer hearing.
After it decided A.D.R., however, the Alabama Supreme Court, rather than allowing A.D.R. to operate to amend Rule 32 for all future juvenile-transfer proceedings, decided to abrogate A.D.R. by amending the Alabama Rules of Juvenile Procedure to provide a procedure through which juveniles could challenge the effectiveness of counsel at a juvenile-transfer hearing. See Rule 1(D), Ala. R. Juv. P. In other words, although it could have amended Rule 32, Ala. R.Crim. P., to be consistent with its holding in A.D.R., the Alabama Supreme Court chose to amend only the Alabama Rules of Juvenile Procedure. In so doing, the Alabama Supreme Court appears to have demonstrated a reluctance to allowing juveniles to challenge the effectiveness of counsel under Rule 32, Ala. R.Crim. P.
Because states are not constitutionally required to allow juveniles to collaterally challenge adjudications and because when given the opportunity to amend Rule 32 to allow for such a collateral challenge the Alabama Supreme Court declined to do so,[11] it is plausible that the Alabama Supreme Court intended to exclude juveniles from being able to collaterally challenge counsel’s effectiveness under Rule 32, Ala. R.Crim. P. Thus, I cannot conclude that, although W.B.S. has the right to competent, effective counsel in a juvenile-delinquency proceeding, it necessarily follows that W.B.S. has a “right” to collaterally challenge his counsel’s effectiveness under Rule 32, Ala. R.Crim. P.[12]
To agree with W.B.S.’s argument on appeal and hold that Rule 32 extends to juveniles who have been adjudicated delin *425 quent, this Court would have to stretch the plain language of Rule 32 to the point that this Court is simply rewriting the rule, which, of course, we cannot do. See Marshall v. State, 884 So.2d 900, 905 n. 5 (Ala.2003) (“The Court of Criminal Appeals may not, however, amend the rules of procedure.”). Because the scope of Rule 32, Ala. R.Crim. P,, is plain and excludes from its purview juveniles who have been adjudicated delinquent, and because'to read Rule 32 in a manner to include juveniles who have been adjudicated delinquent would amount to amending Rule 32, Ala. R.Crim.' P., the Alabama Supreme Court is the only court that can provide W.B.S. the relief he seeks.[13]
Because the circuit court correctly concluded that neither Rule 32, Ala. R.Crim. P., nor Rule 60(b), Ala. R. Civ. P., apply to juveniles who have been adjudicated delinquent, I concur with the judgment of this Court affirming the circuit court’s judgment.

. The main opinion correctly concludes that a Rule 60(b) motion is not an appropriate procedural vehicle for a juvenile who has been adjudicated delinquent to collaterally challenge his delinquency adjudication, and I do not address that issue.

. This argument — that specifically allowing the Alabama Rules of Criminal Procedure to control in an area where no juvenile procedural rule exists — could be a basis on which this Court could conclude that a juvenile who has been adjudicated delinquent may, in fact, seek postadjudication relief by filing a Rule 32 petition. As explained more thoroughly below, however, I do not believe that this Court can read Rule 32 in so liberal a manner as to incorporate juvenile adjudications. Specifi *422 cally, I believe that the clearly defined scope of Rule 32, as set forth in Rule 32.1, Ala. R.Crim. P., operates to exclude a juvenile who has been adjudicated delinquent from obtaining "postadjudication” review under its provisions. - Indeed, Rule 32,1, Ala. R.Crim. P„ requires that a criminal conviction occur as a condition precedent to obtaining relief under Rule 32.

. Although I recognize that the underlying nature, of W.B.S.'s delinquency adjudication subjects him to having to comply with the sex-offender registration requirements, I do not believe that those requirements move his juvenile adjudication into, the realm of a criminal conviction, This Court has long recognized that sex-offender registration is mandated under a "civil, nonpunitive legislative scheme.” Lee v. State, 895 So.2d 1038, 1042 (Ala.Crim. App.2004). In other words, sexloffender registration is civil in nature, not criminal. Although requiring this civil, nonpunitive measure appears to be in conflict with § 12^-15— 220(a), Ala.Code 1975, juvenile-sex-offender registration is mandated by § 15-20A-28, Ala. Code 1975, which was enacted more recently than § 12-15-220. Thus, to the extent those statutes conflict, if at all, § 15-20A-28, Ala. Code 1975, controls because it is the most recent expression- of the legislature's will. See, e.g., Mosley v. State, 187 So.3d 1194, 1200 (Ala.Crim.App.2015) (citing Ex parte McCormick, 932 So.2d 124, 138-39 (Ala. 2005)),

. Black’s Law Dictionary also defines the term "quasi-criminal proceeding" as:
"A civil proceeding that is conducted in conformity with the rules of-a criminal proceeding because a penalty analogous to a criminal penalty may -apply, as in some juvenile .proceedings. For example, juvenile delinquency is classified as a civil offense. But like a defendant in a criminal trial, an accused juvenile faces a potential loss of liberty. So criminal procedure rules apply.”
*423 Black's Law Dictionary 1324 (9th ed.2009). Although this definition, as well as Rule 1(a), Ala. R. Juv. P., recognizes the application of criminal procedural rules to juvenile-delinquency proceedings, it does not necessarily follow that all criminal procedural rules apply to juvenile proceedings. Indeed, Rule 1(a), Ala. R. Juv. P., places an express limitation on the use of the Alabama Rules of Criminal Procedure by limiting those rules to operation only when "no procedure is specifically provided” in the juvenile rules. Additionally, Rule 32 is a unique rule of procedure that is " 'considered to be civil in nature,' ” see Ex parte Jenkins, 972 So.2d 159, 163 (Ala.2005) (quoting Ex parte Hutcherson, 847 So.2d 386, 389 (Ala.2002) (Stuart, J., dissenting)), and specifically limits its application to “defendant[s] who ha[ve] been convicted of a criminal offense.” Furthermore, Rule 32 does not operate in the same, manner as do other rules of criminal procedure; specifically, the filing of a Rule 32 petition institutes an entirely new proceeding in the court of original conviction.

. I believe that the Alabama Supreme Court’s decision in A.D.R. and its subsequent decision to abrogate A.D.R. by amending only the Alabama Rules of Juvenile Procedure allow this Court to draw the conclusion that, although it briefly allowed Rule 32 as an avenue for relief in juvenile-transfer cases, the Alabama Supreme Court did not intend Rule 32 to operate to allow such action in future cases.

, Of course, this Court’s holding does not completely foreclose a juvenile’s right to challenge his counsel’s effectiveness; rather, it simply requires a juvenile to challenge his counsel’s effectiveness by some other means— namely, in a motion for a new trial, on direct appeal, or perhaps by filing a common-law writ.

. Like the main opinion, I urge the Alabama Supreme Court to address the issue presented in this case, Squarely deciding this issue would provide this Court, the circuit courts, juvenile courts, and those children who have been adjudicated delinquent greater clarity as to whether there exists such an instrument as a "postadjudication" petition in juvenile-delinquency cases and, if so, how "postadjudication’’ petitions are to be treated.
Of course, allowing "postadjudication” petitions will require courts to address other issues that would be unique to juvenile-court proceedings and to determine how those unique issues impact the ability to file a Rule 32 petition. For example, under § 12 — 15— 117(a), Ala.Code 1975, a juvenile court’s jurisdiction over “a child [that] has been adjudicated ... delinquent ... shall terminate when the child becomes 21 years of age unless, prior thereto, the judge of the juvenile court terminates its jurisdiction by explicitly stating in a written order that it is terminating jurisdiction over the case involving the child.” If that "child,” after turning 30 years old, discovers that,a nonwaivable, jurisdictional defect occurred during his juvenile-delinquency proceeding and files a Rule 32 petition- raising that defect, does the juvenile court have jurisdiction to entertain that petition when that court has by statute lost jurisdiction over that "child!’?