Cite as 2021 Ark. App. 103

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-388

| | |
|---|---|
| GARRETT CHANDLER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** March 3, 2021<br><br>APPEAL FROM THE GREENE COUNTY CIRCUIT COURT<br>[NO. 28CR-19-750]<br><br>HONORABLE BARBARA HALSEY, JUDGE<br><br>APPEAL DISMISSED |

## KENNETH S. HIXSON, Judge

Appellant Garrett Chandler appeals after the Greene County Circuit Court denied his petition to correct a sentence imposed in an illegal manner. Appellant argues on appeal that the circuit court erred in denying his petition because (1) he was not provided effective assistance of counsel and (2) his plea was not supported by a factual basis. We dismiss this appeal.

### I. *Relevant Facts*

On October 30, 2019, appellant was charged by felony information with criminal mischief for damages greater than $1,000 but not exceeding $5,000, a Class D felony, in violation of Arkansas Code Annotated section 5-38-203(b)(2) (Repl. 2013), and with filing a false report of a crime, a Class D felony, in violation of Arkansas Code Annotated section 5-54-122 (Repl. 2016). The affidavit for warrant of arrest alleged that appellant had reported that his vehicle had been stolen on September 17, 2019. It further stated that after the

deputies had recovered the reported vehicle in a body of water, the deputies conducted a *Miranda* interview with appellant. According to the affidavit, during that interview, appellant "made incriminating statements about his involvement in filing a false report and running his vehicle into the body of water for the purpose to file an insurance claim."

Thereafter, appellant signed a guilty-plea statement on November 27, 2019. According to the statement, he was pleading guilty to the charge of "CRIMINAL MISCHIEF 'D' FELONY," and the second charge would be nolle prossed. He acknowledged that his lawyer had counseled and advised him regarding the nature of each charge and on all possible defenses. A plea and sentence recommendation was also filed the same day. This document stated that the parties had agreed to submit a sentencing recommendation to the circuit court, which included that appellant be placed on forty-eight months' probation for the criminal-mischief charge and that he be sentenced pursuant to Act 346 of 1975 (commonly referred to as the Arkansas First Offender Act), which is codified at Arkansas Code Annotated sections 16-93-301 to -305 (Supp. 2019). Therefore, upon appellant's successful completion of probation, the charge would be dismissed and his record sealed pursuant to Arkansas Code Annotated section 16-93-303.

A hearing was also held on November 27, 2019. At the hearing, while being asked by the circuit court about his assets to determine whether he was eligible for a public defender, appellant stated that he owned two vehicles on which he owed approximately $4,000. He estimated that his car was worth about $4,000 and that his Jeep was worth about $3,000. The circuit court provided appellant an opportunity to correct his affidavit of indigency.

After going back on the record, appellant's counsel told the circuit court that he believed the matter could be disposed of that day but that he first needed to be appointed to represent appellant. Counsel then asked appellant, "I think that's why there's not a -- isn't that correct or did you want to plead not guilty or -- [,]" and appellant immediately replied, "I -- I'm 100 percent guilty." After an off-the-record conference, the proceedings resumed.

At that point, the circuit court conducted the plea colloquy. It confirmed that appellant reads, writes, and understands English and that he was not under the influence of drugs or alcohol. It informed him that he was charged with first-degree criminal mischief and filing a false report of a crime, Class D felonies, each of which carried a prison sentence of up to six years and a fine of up to $10,000. Appellant affirmed that he understood the charges and that there was a recommendation to nolle prosse the false-report charge if the plea was accepted. Appellant additionally affirmed that he understood he did not have to plead guilty and that he had a right to have a trial at which he would be represented by his lawyer. He further affirmed that he knew that, at a trial, the State would have the burden of proving the charges, he could choose to testify or remain silent, and he would have a right to appeal if he was found guilty. The circuit court informed appellant that if he pleaded guilty, he would not have a trial and that he would give up his right to trial and appeal. After stating that he understood, appellant pleaded guilty to first-degree criminal mischief, told the circuit court that he had not been forced or threatened by anyone in any way to make him plead guilty, and affirmed that he was pleading guilty because he was, in fact, guilty.

The circuit court asked appellant what he did, and he stated the following:

Made a dumb decision. I got myself in a bind after a job loss, and I took my vehicle out and dumped it off and reported it stolen with the mindset of, considering I lost my job, I -- you know, the insurance money would get me by until I got that. And, of course, I got caught. It was very stupid of me.

Appellant also told the circuit court that this was his first felony charge.

The circuit court then had appellant affirm that he had read, signed, and initialed the guilty-plea statement, the plea and sentence recommendation, and the rules of probation. Appellant stated that he understood he was getting probation instead of six years in prison. He also stated that he understood that he had to follow the rules of probation for the full forty-eight months or face revocation and jail time. The circuit court noted, "It's a good deal if you'll protect it." The circuit court found that the guilty plea was made knowingly, voluntarily, and intelligently and with a factual basis. It sentenced him to forty-eight months' supervised probation without adjudicating guilt and told him that if he successfully completed probation, he could come back to the court and get the charge expunged. The false-report charge was nolle prossed, and the sentencing order was filed the same day as the plea hearing, November 27, 2019.

Appellant subsequently filed a petition under Arkansas Code Annotated section 16-90-111 (Repl. 2016) to correct a sentence imposed in an illegal manner on January 10, 2020. Appellant requested that "his sentence and conviction, as well as his guilty plea, be set aside, vacated, declared void, and that a new trial be ordered." Alternatively, he asked that a hearing be held to consider the merits of his petition. In his petition, contrary to the record as described above, appellant erroneously claimed that when he was asked at the

4

hearing, he simply told the circuit court that he did not know the value of his Jeep. He restated this erroneous claim throughout his petition as support for his claims.

Appellant made two general claims in his petition. First, appellant claimed that his sentence was imposed in an illegal manner because he failed to receive effective assistance of counsel during plea discussions or prior to the plea hearing. Under this general claim, appellant argued that he did not understand the nature of the charges against him. He alleged that he did not understand that the State had the burden of proving that his Jeep was worth more than or sustained more than $1,000 in property damages. He alleged that counsel should have been aware that there were fundamental questions as to whether the State could prove that his Jeep sustained more than $1,000 in damages based on the vehicle's age and Deputy Crocker's statement that he observed smoke coming from the Jeep's engine on the night appellant reported it stolen. Appellant further argued that he did not understand the facts and circumstances applicable to his case because counsel did not advise him of the possibility that his incriminating statements to Deputy Crocker could have been suppressed. He argued that counsel's failure to do any investigation fell below an objective standard of reasonable representation. Finally, appellant alleged that but for counsel's ineffectiveness, he would have not pleaded guilty "to a felony criminal mischief charge and would have insisted on going to trial or pleaded guilty only to a misdemeanor criminal mischief charge."

Second, appellant claimed that his sentence was imposed in an illegal manner because no factual basis existed for his plea. Appellant argued that there was insufficient evidence to support the guilty plea as required under Arkansas Rule of Criminal Procedure 24.6 because "[n]o factual basis existed for determining that [he] stood guilty of causing more than

5

$1,000.00 in property damage." Again, appellant erroneously alleged that he told the circuit court that he did not know what the Jeep was worth when asked.

Without an evidentiary hearing, the circuit court denied appellant's petition in a written order filed on March 9, 2020. The circuit court specifically found that there was no merit to the petition and no need for a hearing on the petition. This appeal followed.

## II. *Appellant's Petition*

We must first consider the State's argument that appellant's petition must be treated as a petition filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure and that appellant is not entitled to any relief when he is not in custody. We agree with the State.

Here, the circuit court's order does not indicate whether it treated appellant's petition as filed pursuant to Rule 37.1 or section 16-90-111. Appellant alleged in a footnote to his petition that he was specifically filing it pursuant to Arkansas Code Annotated section 16-90-111 rather than pursuant to Arkansas Rule of Criminal Procedure 37.1. He acknowledged he could not obtain any relief under Arkansas Rule of Criminal Procedure 37.1 because he was not in custody as he was sentenced to probation. Appellant failed to cite any authority either in his petition or on appeal for his assertion that claims that normally would be cognizable under Rule 37 may be reached under section 16-90-111 if the custody requirement prevents them from being reached under Rule 37.1(a); nor have we found any authority.

In fact, our supreme court has held that as to Arkansas Code Annotated section 16-90-111, unless a petitioner is contending that a judgment is illegal on its face, the petitioner

6

is obligated to raise all claims for postconviction relief in a timely petition under Rule 37.1 because Rule 37.1 superseded the statute in part. *Purifoy v. State*, 2015 Ark. 353 (per curiam); *see also Green v. State*, 2021 Ark. 19, 615 S.W.3d 389. Moreover, our supreme court has explained that a petition for postconviction relief attacking a judgment, regardless of the label placed on it by the petitioner, is considered pursuant to Rule 37. *Green v. State*, 2016 Ark. 216, 492 S.W.3d 75 (per curiam); *Nickels v. State*, 2016 Ark. 11 (per curiam). Further, it has held that a claim that a sentence was imposed in an illegal manner must be raised in a petition filed with the circuit court under Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Barnett v. State*, 2020 Ark. 181, 598 S.W.3d 835. Therefore, we must treat appellant's petition as if it was filed pursuant to Rule 37.1.

The principal purpose of Rule 37 is to avoid unjust incarceration. *Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999). A petitioner seeking Rule 37 postconviction relief must be incarcerated in order for the rule's remedies to be available, and a person on parole or probation is not in custody for purposes of Rule 37. *Neely v. McCastlain*, 2009 Ark. 189, 306 S.W.3d 424; *Mason v. State*, 285 Ark. 484, 687 S.W.2d 849 (1985). Because appellant was not in custody, the circuit court lacked jurisdiction to consider his petition for postconviction relief. *See State v. Wilmoth*, 369 Ark. 346, 351, 255 S.W.3d 419, 422 (2007). Therefore, we dismiss this appeal because appellant admittedly has failed to demonstrate that he is a person "in custody" as required by Rule 37.1 and thus, cannot receive any relief on his claims for postconviction relief. *See Thurmond v. State*, 2014 Ark. 176 (per curiam); *Kemp v. State*, 330 Ark. 757, 956 S.W.2d 860 (1997) (per curiam); *Halcomb v. State*, 2018 Ark. App. 248.

Appeal dismissed.

GLADWIN and VAUGHT, JJ., agree.

*Etoch Law Firm*, by: *Robert B. Lewis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.