Cite as 2022 Ark. App. 238

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-21-452

| | | |
|---|---|---|
| GEORGE BURNS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | | Opinion Delivered May 18, 2022<br><br>APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. 41CR-17-109]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>APPEAL DISMISSED |

**LARRY D. VAUGHT, Judge**

On May 6, 2019, a Little River County jury convicted the appellant, George Burns, of two counts of felony sexual assault in the fourth degree and sentenced him to an aggregate term of twelve years' imprisonment in the Arkansas Department of Correction. We affirmed the convictions and sentences in *Burns v. State*, 2020 Ark. App. 207, 599 S.W.3d 332. Burns subsequently filed a timely petition for postconviction relief pursuant to Ark. R. Crim. P. 37 alleging ineffective assistance of counsel. The circuit court found that an error in the jury instructions warranted reducing Burns's felony convictions to misdemeanors and, applying credit for time served, ordered Burns's release from custody. The circuit court denied relief, however, on Burns's additional claim that his trial counsel was ineffective for failing to preserve a constitutional argument for appellate review. Burns now appeals the circuit court's

order. We dismiss the appeal because Burns's release from custody renders his remaining ineffective-assistance-of-counsel claim moot.

I. *Factual Background*

We set forth the facts underlying Burns's convictions in detail in our opinion in the direct appeal. For our purposes here, it suffices to say that Burns was charged with two counts of rape after his niece by marriage, I.M., alleged that Burns had sexually abused her on multiple occasions beginning when she was thirteen years old. Prior to trial, Burns filed a motion under the rape-shield statute, Ark Code Ann. § 16-42-101 (Supp. 2021). He sought to admit evidence purporting to show that I.M. had a history of making false allegations of sexual abuse. Burns also wanted to admit diary entries in which I.M. acknowledged her alleged proclivity to lie and contradicted her claim that she had lost her virginity to Burns. The circuit denied Burns's motion to admit the evidence, and a jury convicted Burns of two counts of felony sexual assault in the fourth degree.

Burns pursued a direct appeal in this court, where he raised two arguments for reversal of the circuit court's judgment. First, he asserted that the circuit court erred by excluding his proffered evidence under the Arkansas rape-shield statute and the due-process clause of both the Arkansas Constitution and the United States Constitution. Second, he argued that the circuit court erred by denying his motion for a new trial based on the error in the jury instructions. This court rejected these arguments and issued an opinion affirming the judgment on April 1, 2020.

Regarding the excluded rape-shield evidence, we first held that Burns failed to obtain a ruling on his constitutional arguments; therefore, they were not preserved for appellate review. *Burns*, 2020 Ark. App. 207, at 4 n.1, 599 S.W.3d at 335 n.1. Otherwise, we concluded that the circuit court's decision excluding the proffered evidence did not warrant reversal. In our view, the evidence of the purportedly false allegations "[fell] squarely within the rape shield statute[.]" *Id.* at 5, 599 S.W.3d at 335. We also concluded that Burns failed to show that he suffered any prejudice from the exclusion of the diary entries.

We further held that the second issue—the alleged error in the jury instruction for fourth-degree sexual assault—was not preserved for appellate review. We said that Burns failed to contemporaneously object and proffer the correct jury instruction; moreover, "[a] motion for a new trial cannot be used to revive an issue that was not properly preserved for appeal." *Id*. at 7, 599 S.W.3d at 336. Accordingly, we affirmed the circuit court's judgment.

Burns subsequently filed a timely petition for postconviction relief pursuant to Ark. R. Crim. P. 37. He alleged two claims in the petition. First, Burns asserted that his trial counsel was ineffective for failing to contemporaneously object to the faulty jury instruction for fourth-degree sexual assault. Second, he alleged that his trial counsel ineffectively failed to obtain a ruling on his claim that the exclusion of the rape-shield evidence violated his constitutional rights. According to Burns, there is reasonable probability that this court would have reversed his convictions if the constitutional issue had been preserved for our review.

The circuit court reduced Burns's convictions to misdemeanor fourth-degree sexual assault, agreeing that there was an error in the jury instruction given during the trial. The court gave Burns credit for the time that he served in the Arkansas Department of Correction and ordered his release from custody. The circuit court disagreed, however, that trial counsel ineffectively failed to preserve the constitutional challenge to the exclusion of the proffered rape-shield evidence because the supreme court has "held numerous times that the rape shield provisions are constitutional." Burns now appeals the circuit court's order.

## II. *Discussion*

We must first determine whether Burns's ineffective-assistance-of-counsel claim is rendered moot by his release from the Arkansas Department of Correction. Burns contends that supreme court precedent limiting Rule 37 relief to petitioners in physical custody should be abandoned in favor of the approach taken in federal postconviction cases. [1] That is, persons released from incarceration may continue to pursue relief as long as they meet two requirements: (1) they were still in custody (as he was) when the petition was filed; and (2) they stand to suffer specific collateral consequences of their convictions after their release. Burns asserts that he was in custody when he filed his petition, and his continuing obligation to register as a sex offender is a collateral consequence that warrants hearing his appeal. While this indeed appears to be a novel question in Arkansas, we believe it is squarely settled

---

[1] Burns filed an unopposed motion to certify this case to the supreme court on November 11, 2021. The supreme court denied the motion on January 13, 2022. Three justices—Chief Justice Kemp, Justice Baker, and Justice Hudson—would have granted the motion.

by supreme court precedent that limits Rule 37 relief to petitioners who are "in custody under sentence of a circuit court." Accordingly, we dismiss Burn's appeal as moot.

This court must "follow the precedent set by the supreme court and is powerless to overrule its decisions," *Rice v. Ragsdale*, 104 Ark. App. 364, 368, 292 S.W.3d 856, 860 (2009), and the supreme court has firmly established that "a petitioner seeking Rule 37 postconviction relief must be incarcerated in order for the rule's remedies to be available to the petitioner." *Bohanan v. State*, 336 Ark. 367, 369, 985 S.W.2d 708, 709 (1999).

The facts in *Bohanan* are similar to the facts in the case at bar. In *Bohanan*, Bohanan was serving a fifteen-year sentence for armed robbery when he filed his Rule 37 petition alleging ineffective assistance of counsel. The circuit court denied relief, and the supreme court, holding that the circuit court had failed to make the written findings required by Rule 37, reversed and remanded. The circuit court subsequently entered an order with sufficient findings, whereupon Bohanan filed another appeal.

The State moved to dismiss the appeal, arguing that Bohanan, who had been released from the physical custody of the Arkansas Department of Correction before the circuit court entered its revised order, was no longer entitled to Rule 37 relief. The supreme court agreed, observing that "[t]he principal purpose of Rule 37 is to avoid unjust incarceration," and "where the petitioner has been released prior to granting relief, granting relief has no practical effect." *Id.* at 372, 985 S.W.2d at 710. The court held, therefore, that Bohanan's Rule 37 petition was "rendered moot by his release from custody"; therefore, it was

5

"unnecessary to address the merits of his ineffective-assistance of counsel claims." *Id.* at 372–73, 985 S.W.2d at 710.

A few years later, in *Duke v. State*, 354 Ark. 619, 127 S.W.3d 477 (2003), the supreme court dismissed an appeal from an order denying relief pursuant to Rule 37. In *Duke*, as in *Bohanan*, the state moved to dismiss because the petitioner was released from physical custody—and was serving parole—while his appeal was pending. The supreme court granted the motion to dismiss because petitioner's release from physical custody rendered his claims alleging ineffective assistance of counsel moot. It did not matter that Duke, who was still subject to the restricted liberty attendant to the conditions of parole, remained in legal custody.

The federal courts, on the other hand, have viewed the term "custody" more broadly. They hold that a petition filed by an applicant in legal custody, including one who is released on parole or personal recognizance, is sufficient to invoke federal habeas corpus jurisdiction. *See Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). That jurisdiction continues, moreover, even after the petitioner is released from custody. In *Carafas v. LaVallee*, 391 U.S. 234 (1968), the Supreme Court determined that the federal habeas statute allows relief from the collateral consequences of a felony conviction. According to the Court, "the statute does not limit the relief that may be granted to discharge of the applicant from physical custody." *Id.* at 239. Rather, the statute's "mandate is broad with respect to the relief that may be granted," providing that a federal court "shall dispose of the matter as law and justice require." *Id.* (internal quotation marks omitted). A 1964 amendment, moreover,

6

"[spoke] in terms of release from custody or other remedy." *Id.* (internal quotation marks omitted). Consistent with the broad language in the statute, the Supreme Court held that the federal court retained jurisdiction of the applicant's habeas corpus petition after he was released from custody. Federal courts have suggested, moreover, that sex-offender registration may be a collateral consequence warranting the continued exercise of federal habeas corpus jurisdiction. *See United States v. Juvenile Male*, 560 U.S. 558, 560–61 (2010) (per curiam).

The remedies available under Rule 37 may very well accommodate a request for relief from the collateral consequences of a conviction since they include "setting aside the original judgment" as well as a discharge from custody, a new trial, or resentencing. *See* Ark. R. Crim. P. 37.4 (2021). Nevertheless, the supreme court has held fast to its determination that the relief available in Rule 37 is restricted to petitioners who are in physical custody. *See, e.g.,* *Branning v. State*, 2010 Ark. 401, at 4–5. Accordingly, because we are bound by this precedent from the supreme court and Burns was released from custody before he appealed the circuit court's denial of his ineffective-assistance-of-counsel claim, we must dismiss the appeal as moot.

Appeal dismissed.

HARRISON, C.J., and VIRDEN, J., agree.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.